# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EVERLAKE LIFE INSURANCE COMPANY; ALLSTATE LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLORIA E. CARDONA, on behalf of themselves and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court

CASE NUMBER:
*(Número del Caso):*
CVRI2504826

4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua H. Haffner, Haffner Law PC, 15260 Ventura Blvd, Suite 1520, Sherman Oaks, CA 91403, (213) 514-5681

| DATE: *(Fecha)* | 08/29/25 | Clerk, by *(Secretario)* | A. Amezcua | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 08/29/2025 09:07 AM
Case Number CVRI2504826 0000140322581 - Jason B. Galkin, Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Alfredo Torrijos, SBN 222458
(at@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
(tw@haffnerlwyers.com)
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others
similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| GLORIA E. CARDONA, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>EVERLAKE LIFE INSURANCE COMPANY; ALLSTATE LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.: CVRI2504826<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT;**<br><br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, *BUS. & PROF. CODE* §17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gloria E. Cardona ("Plaintiff") are informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1.      This is a class action for breach of contract, insurance bad faith, and unfair business practices against defendants Everlake Life Insurance Company and Allstate Life Insurance Company ("Defendants") arising out of its unlawful conduct in overcharging for universal life insurance, and underpaying interest credits.

2.      As set forth herein, the policy at issue provides that cost of insurance rates will be "based on the insured's attained age, sex, and rating class," and that Defendants may "use cost of insurance rates lower than the guaranteed rates to calculate policy values." However, Plaintiffs are informed and believes, and on that basis allege, that in breach of that contractual obligation, Defendant has failed to factor in improving mortality, resulting in inflated cost of insurance charges for the policies at issue.

3.      In addition, the policies at issue also provide that interest rates paid by Defendant on the cash value of Plaintiffs' and Class members' policies is a guaranteed minimum of 4.5%. The Policies also provide that "[w]e may use an interest rate greater than the guaranteed interest rate to calculate policy values. We determine this 'current' monthly interest rate from time to time." Plaintiffs are informed and believe that Defendant has failed to credit Plaintiffs' and class members' an interest at a rate consistent with existing interest earnings, in breach of the covenant of good faith and fair dealing.

4.      Plaintiffs and Class Members are owners and/or insured under universal life insurance policies, and were unlawfully underpaid interest and/or overcharged monthly cost of insurance amounts, improperly depleting or negating the value of their policy. Plaintiff brings this action for compensatory and other damages, restitutionary disgorgement, and injunctive relief.

## PARTIES

5.      Plaintiff Gloria E. Cardona was, at all relevant times, a resident and citizen of - County of Riverside, State of California. Plaintiff Cardona is the owner and the insured person

2

**CLASS ACTION COMPLAINT**

under the life insurance policy issued by Defendant during the Class period as alleged herein. Plaintiff Cardona is also known as Gloria E. Jaramillo.

6.     Plaintiff is informed and believes, and on that basis alleges, that defendant Everlake Life Insurance Company, is and was, at all relevant times, a life insurance company and corporation, conducting business in the State of California and availing itself of the privileges and benefits of the State of California.  Plaintiff is informed and believes, and on that basis alleges, that defendant Everlake Life Insurance Company is the successor-in-interest to Defendant Allstate Life Insurance Company.

7.     Plaintiff is informed and believes, and on that basis alleges, that defendant Allstate Life Insurance Company, was a life insurance company, conducting business in the State of California and availing itself of the privileges and benefits of the State of California.  Plaintiff is informed and believes, and on that basis alleges, that defendant Allstate Life Insurance Company has been merged into defendant Everlake Life Insurance Company and/or that defendant Everlake Life Insurance Company became the successor-in-interest to defendant Allstate Life Insurance Company

8.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

9.     Plaintiff is informed and believe and thereon allege that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or

**CLASS ACTION COMPLAINT**

implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place, in whole or in part, in the State of California.  Venue is proper because Plaintiffs' injuries were sustained within the jurisdictional borders of this Court, the insurance contract was entered into and/or at least one of the Defendants resides within the venue of this Court.

## FACTUAL ALLEGATIONS

11.     Defendant issued a life insurance policy on the life of Plaintiff, which was issued on September 30, 1993.  (A true and correct copy of the Duplicate Policy provided by defendants to Plaintiff is attached hereto as Exhibits 1.)

**A.      Overcharges For Cost Of Insurance**

12.     Generally, like Plaintiff and class members, universal life insurance policyholders contribute premiums, the net amount of which are deposited into the Cash Value of a policy, from which the insurer deducts monthly charges as authorized by the policy.  Part of the monthly deduction is a cost of insurance charge.

13.     The policies provide as follows regarding calculating the monthly cost of insurance rate.

> **Cost of Insurance Rates**
> "The monthly cost of insurance rates are based on the insured's attained age, sex, and rating class. . .  [¶]  The guaranteed maximum monthly cost of insurance rates are shown on pages 6 and 7.  The rates shown . . . are based on . . . 1980 Commissioner's Standard  Ordinary [Smoker/Non-Smoker] Mortality Table. . .  [¶]  We may use cost of insurance rates lower than the guaranteed rates to calculate policy values.  We reserve the right to change these 'current' monthly  cost of insurance rates after your policy has been in force for one year."  (See Exhibit 1, p.15 ("Cost of Insurance Rates" section)

14.     Thus, under the policy, monthly cost of insurance rates can only be "based on the insured's attained age, sex, and rating class."      These are mortality factors, and mortality has

4

significantly improved in the over 30 years since Plaintiff's policy incepted.

15.    Defendant, however, has failed to properly reduce cost of insurance rates given the material improvement in mortality.

16.    Plaintiff is informed and believes, and on that basis alleges, Defendants breached the terms of Plaintiff and class policies governing the cost of insurance rate, by failing to factor in improving mortality, although mortality factors of age, sex and rating class are the required factors.  Had Defendant complied with the policy terms, and factored in future expectations regarding mortality, Plaintiffs and class members monthly cost of insurance charge would have been reduced and/or the premium increases would have been smaller.  Defendant's breach of contract in failing to factor in future mortality expenses resulted in overcharges in the cost of insurance charged to Plaintiff and class members.

17.    By failing to properly factor in expectations as to future mortality, Defendants knowingly caused the increases to the cost of insurance to be greater than what is explicitly authorized by Plaintiff and Class Policies.  Defendants repeatedly and continuously breached Plaintiffs and the Class Policies by impermissibly inflating those cost of insurance rates.

18.    The inflated cost of insurance increases used by Defendants cause the monthly cost of insurance to be deducted in amounts greater than those explicitly authorized by the Policy and Class Policies. Consequently, Defendant deducts from the Cash Value an amount that is greater than that authorized under the Policy and Class Policies, thereby depriving Plaintiffs and Class members of monies earned on the Cash Value of funds which were wrongfully overcharged.

19.    Each of Defendants' past and future inflated cost of insurance deductions from the Cash Value of Plaintiffs and the class members policies constitutes a separate breach of contract.

**Underpayment Of Interest**

20.    In addition to a death benefit, the Policy and Class Policies provide policyholders an investment or savings component, that accumulates value over time.

21.    Under the heading "Interest Rates," the Policy states as follows.

5

**CLASS ACTION COMPLAINT**

**Interest Rate**
The guaranteed monthly interest rate used in calculating policy values is . . . 4.5% per year.  [¶]  We may use an interest rate greater than the guaranteed interest rate to calculate policy values.  We determine this 'current' monthly interest rate from time to time."

22.    Plaintiffs are informed and believe, and on that basis allege, that the interest rate has recently risen significantly.  For instance, Plaintiffs are informed and believe, and on that basis allege that, expectations as to future interest earnings in 2023 was at or exceeded 5%. Plaintiffs are informed and believe, and on that basis allege that, at a minimum beginning in 2023, Defendant should have increased the interest paid more than the amount paid, and Defendant's breached the policy by failing to do so.

23.    As a direct and proximate result of Defendants' breaches, therefore, Plaintiff and the class have been damaged, by the taking of deductions in unauthorized, inflated amounts from, and/or by failing to credit adequate interest to policyholders' policy values.

24.    The nature of Defendants' conduct is such that Plaintiffs and each member of the class would be unaware that Defendants were engaging in wrongdoing by taking inflated cost of insurance deductions from policy values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy.

25.    Because of its superior knowledge of the computations, Defendant was aware that Plaintiffs and each member of the class did not know about the improper deductions. Defendants sent Plaintiffs and the class periodic statements that identified cost of insurance deductions while failing to disclose and/or concealing the Defendant's use of outdated and/or improper mortality factors to determine the rates. Concealment of its conduct and/or failure to disclose its conduct to Plaintiffs and the class tolls the statute of limitations for Plaintiffs and proposed class members.

26.    Plaintiffs and class members have complied with each and every obligation and/or condition of the policies at issue, save those that Defendants have waived, forfeited, and/or are estopped from asserting.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

27.    Plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated, and as members of the Class defined as follows:

**CLASS ACTION COMPLAINT**

All persons in California who own or owned a life insurance policy issued or administered by Defendants, which contained provisions or terms that the cost of insurance rate can be lowered, or interest rates raised.

28.     Excluded from the class is Defendants, any entity in which Defendants have a controlling interest, any of the officers, directors, or employees of the Defendants, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsels' firms, any Judge to whom this case is assigned, and his or her immediate family.

29.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

30.     This action has been brought and may be properly maintained as a class action:

31.     **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

32.     **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to:

    a.  Whether Defendant overcharges for the cost of insurance for the Policies at issue.

    b.  Whether Defendant's manner of charging for cost of insurance of calculating the cost of insurance rate is a breach of the policy.

    c.  Whether Defendant's manner of charging for or calculating the cost of insurance is as an unfair business practice;

    d.  Whether Defendants improperly failed to factor in improving mortality in calculating the cost of insurance rate or charge for the Policies;

    e.  Whether Defendants failed to reduce cost of insurance rates, and/or increased them too much, given the improving mortality.

**CLASS ACTION COMPLAINT**

f.  Whether Defendant failed to pay interest on Plaintiffs and Class members' policies based on future expectations of interest earnings.

33.  **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class they represent because Plaintiffs were overcharged for insurance in the same manner as all class members. Plaintiff was therefore subjected to the same unlawful business practices as the class members during the liability period.  Plaintiff and the members of the classes she seeks to represent sustained the same types of damages and losses.

34.  **Adequacy:** Plaintiff is an adequate representative of the class she seeks to represent because her interests do not conflict with the interests of the members of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each class will be fairly and adequately protected by Plaintiff and their counsel.

35.  **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the class members' claims. The violations of the Statutes were committed by Defendants in a uniform manner and class members were exposed to the same unlawful practices.  The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the class themselves could afford such individual litigation, the court system could not.  Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

36.  The class should also be certified because:

a.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members

8

which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against All Defendants)

37.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

38.    Plaintiffs and Class Members are owners under policies for which Defendants were paid consideration in the form of premiums. Plaintiffs, Class Members, and the policy owners faithfully performed all obligations required to be performed by them under the terms of the insurance contract Defendant issued for the benefit of Plaintiffs and Class members, except to the extent performance may have been excused by, among other things, Defendants' bad faith conduct and breach of the insurance policy.

39.    Defendant, and Does 1-10, breached the terms of the insurance contract by overcharging for the cost of insurance; failing to account for improving mortality in the cost of insurance; increasing the cost of insurance too much and/or failing to lower the cost of insurance; failing to pay interest on the policies' cash value based on expectations as to future interest earnings, and by forcing Plaintiffs and Class members to institute this litigation. Defendants' breaches of contract occurred in connection with the Plaintiff and class members' policies alleged in this action.

40.    As a direct, proximate and legal result of Defendants' breaeh(es) of the contract, Plaintiff and the Class have been, and continue to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: Paying monies as a result of

9

overcharges; loss of money that should have been paid based on expectations of future interest earnings, loss of use of money, consequential damages including interest on monies Plaintiffs and the Class could and should have received promptly, but which they did not receive in a timely fashion as a result of Defendant's breach of contract, and other fees, expenses and costs to be proven at trial.

41.    Plaintiff and the Class have also sustained other losses as a direct, proximate and legal result of Defendant's conduct, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**(Against All Defendants)**

42.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

43.    The insurance policies identified in this action contained an implied covenant of good faith and fair dealing, whereby Defendants, and Does 1 through 10, agreed to perform their obligations under the policies in good faith, to deal fairly with Plaintiff and Class members, and not to unreasonably deprive Plaintiff and the Class of the benefits due under the insurance policy.

44.    Defendant tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably overcharging for the Policies, and failing to properly credit interest earnings.

45.    Defendants continues to engage in unlawful, bad faith insurance practices. Such bad faith conduct constitutes a continuing tort which is causing Plaintiff and Class members continued damages.

46.    Defendants engaged and continues to engage in a course of conduct to further its own economic interests in violation of its obligations to Plaintiffs. This conduct includes, but is not limited to the conduct alleged in this complaint and the following:

A.    Wrongfully overcharging for insurance;

B.    Failing to in good faith to factor in improving mortality in determining

10

**CLASS ACTION COMPLAINT**

cost of insurance rates;

      C.    Failing to pay interest based on good faith expectations of future interest earnings;

      D.    Forcing Plaintiff and Class members to retain counsel;

      E.    Failing to advise Plaintiffs and Class members of applicable policy benefits;

      F.    Placing its own interests above the interests of Plaintiff.

      G.    Unreasonably interpreting the Policy and California law in a manner favorable to Defendant and unfavorable to Plaintiff.

      H.    Plaintiff is informed, believes and thereon alleges, that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff and Class members by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

47.    Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants, and each of them, have failed and refused to act in good faith or act fairly towards Plaintiff and Class members, and Defendants have, in bad faith, failed and refused to perform their obligations under the insurance policies, and under the laws of the State of California. Defendants' conduct described herein constitutes a bad faith pattern and practice.

48.    As a direct, proximate and legal result of said breaches of the covenant of good faith and fair dealing by Defendants, Plaintiff and Class members have been, and continue to be, damaged, in an amount according to proof. Plaintiff and Class members have been required to expend attorney's fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff and the Class are entitled to attorney's fees and costs reasonably incurred to compel the payment of benefits due under the insurance policy.

49.    As a direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff and Class members have sustained other economic damages, as set forth above, and

**CLASS ACTION COMPLAINT**

other damages in an amount to be proven at trial.

50.    On the basis of all of the facts alleged hereinabove, Defendants' conduct and actions were despicable, and were done maliciously, oppressively and fraudulently, with a willful and conscious disregard of Plaintiff's and Class members' rights, entitling Plaintiff and Class members to punitive damages under California Civil Code Section 3294. Defendants' officers, directors and managing agents were personally informed and involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT, BUS. & PROF. CODE §17200, et seq.
### (Against All Defendants)

51.    Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

52.    The conduct of Defendants, as set forth in the allegations in this complaint, constitutes unlawful, unfair, and/or fraudulent business practices under California Business & Professions Code sections 17200, et seq.

53.    Defendants' unlawful conduct includes, but is not limited to, violations of Insurance Code Sections 332 and 790.03(b).  Defendant's failed to disclose material information, including their method for calculating the cost of insurance rate since policy inception, and failure to account for improving mortality.  Defendant's statements which were untrue, deceptive, or misleading, are the statements in Defendant's statements regarding the amount of premiums or cost of insurance owed, and the amount of interest owed.

54.    Defendants' unfair conduct in violation of California Business & Professions Code section 17200, et seq. includes, but is not limited to, failing to factor in improving mortality in determining cost of insurance charges, failing to reduce insurance and/or increasing insurance charges too much given improving mortality, failing to credit interest based on future expectations of interest earnings, and engaging in a course of conduct to further its own economic interests in violation of its obligations to its insureds.

12

**CLASS ACTION COMPLAINT**

55.     Defendants' fraudulent conduct in violation of California Business & Professions Code section 17200, et seq. includes but is not limited to, misrepresenting the cost of insurance actually due, misleading and/or failing to disclose Plaintiffs and the Class that the cost of insurance calculation did not account for improving mortality, and misstating its expectations of future interest earnings.

56.     Plaintiff and the Class request that this court order that Defendants be required to provide restitution and/or disgorge the profits they have wrongfully obtained through the use of these unlawful, unfair or fraudulent practices, provide restitution, and that an injunction issue to correct the wrongful conduct and business practices alleged in this complaint.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A.  For general, compensatory damages, plus prejudgment interest and other damages according to proof;

B.  For special and consequential damages; and

C.  For punitive and exemplary damages according to proof.

D.  For restitution and/or restitutionary disgorgement of all profits Defendants obtained as a result of unlawful, unfair, and/or fraudulent business practices;

E.  For an appropriate injunction;

F.  For costs of suit herein;

G.  For pre-judgment interest as provided for by applicable law, and

H.  For such further relief as the Court may deem just and proper.

DATED: August 28, 2025                    **HAFFNER LAW PC**

By:     *Trevor Weinberg*
        Joshua H. Haffner
        Alfredo Torrijos
        Trevor Weinberg
        Attorneys for Plaintiff and others
        Similarly Situated

13

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for themselves and the Class members on all claims so triable.

DATED: August 28, 2025                    **HAFFNER LAW PC**

By: _Trevor Weinberg_
_____
Joshua H. Haffner
Alfredo Torrijos
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly situated

14

EXHIBIT 1



**EVERLAKE LIFE INSURANCE COMPANY**
PO BOX 83328
LINCOLN NE 68501

July 24, 2025

Page **1** of **2**

Insured(s):          **GLORIA E JARAMILLO**

Policy Number:       748482768

**GLORIA E JARAMILLO**
**50155 VALENCIA CT**
**LA QUINTA CA 92253**

Your Representative:   **RANDY NAVARRO**
                       16179 WHITTIER BLVD
                       WHITTIER CA 90603-2560

**RE: Duplicate Policy Request**

Dear GLORIA E JARAMILLO,

**Duplicate Policy Request**
Thank you for your recent request for policy information. Please find enclosed a Duplicate Policy for the above referenced life insurance policy for GLORIA E JARAMILLO.

This document is not an original copy of the policy; the original policy was issued to GLORIA E JARAMILLO on the date shown on page 1 of the policy.

**Thank You**
We are committed to providing you with excellent service. If you have any questions regarding the ongoing servicing of this policy, please contact us online at customer.everlakelife.com or by phone at (844) 953-0347.

Sincerely,

Everlake Life Insurance Company Customer Service

Phone: (844) 953-0347
Web: customer.everlakelife.com
Fax: (833) 636-0034

Enclosure: Duplicate Policy

# Allstate Life Insurance Company

**A Stock Company, Home Office, Northbrook, Illinois 60062-7154**

## Flexible Premium Adjustable Life Insurance

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured dies prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This policy does not pay dividends.

| | | | |
|---|---|---|---|
| Insured | [John J. Doe] | Policy Number | [001999999999] |
| Specified Amount | [$400,000] | Start Date | [September 30, 1993] |
| Age of Insured | [35] | Policy Date | [September 30, 1993] |
| Sex of Insured | [Male] | Maturity Date | [September 30, 2053] |
| Rating Class of Insured | [Non-Smoker - Special, Plus Temporary Extra Premium] | | |

### Right to Examine Your Policy

If you are not satisfied with this policy, you may void it by returning it to us or our agent within 10 days after you receive it. If this policy is replacing another life insurance policy, you may void it by returning it to us or our agent within 20 days after you receive it. You will receive a full refund.

Allstate Life Insurance Company is called 'we' or 'us'. We will pay the benefits of this policy, subject to its terms and conditions. This is a legal contract between the owner and us. We signed this policy at our home office.

**Secretary**

**Chairman**

Authorized _____

**Allstate**
You're in good hands.

AD YOUR POLICY CAREFULLY

# Guide to Policy Provisions

**PAGE**

Schedule of Benefits .............................. 3

Schedule of Premiums ............................. 4

Schedule of Expense Deductions and Surrender
Charges .......................................... 4

Guaranteed Cash Values and Paid-Up Insurance
Amounts .......................................... 5

Guaranteed Maximum Monthly Cost of Insurance
Rates for Standard Rating Class .................. 6

Guaranteed Maximum Monthly Cost of Insurance
Rates for Non-Smoker and Healthy American
Standard Rating Classes .......................... 7

Amounts of Paid-Up Insurance Per $100 of Cash
Value for Standard and Special Rating Classes ... 8

Amounts of Paid-Up Insurance Per $100 of Cash
Value for Non-Smoker and Healthy American
Standard and Special Rating Classes ............. 9

General Provisions ................................ 10
   Entire Contract ................................ 10
   Owner .......................................... 10
   Beneficiary .................................... 10
   Change of Owner or Beneficiary ................. 10
   Assignment ..................................... 10
   Attained Age ................................... 10
   Misstatement of Age or Sex ..................... 10
   Incontestability ............................... 10
   Suicide or Self-Destruction .................... 10
   Nonparticipating ............................... 10
   Annual Report .................................. 11
   Policy Projections ............................. 11
   Compliance With Federal Laws ................... 11

Premium Provisions ................................ 11
   General ........................................ 11
   Premium Frequency and Amount ................... 11
   Minimum Annual Premium ......................... 11
   Minimum Premium Rule ........................... 11
   Maximum Premiums ............................... 11

**PAGE**

Grace Period ...................................... 12
Reinstatement ..................................... 12

Death Benefit ..................................... 12
   Death Benefit .................................. 12
   Death Benefit Option ........................... 13

Policy Values ..................................... 13
   Policy Values .................................. 13
   Monthly Deduction .............................. 13
   Monthly Cost of Insurance ...................... 14
   Monthly Policy Fee ............................. 14
   Pay Fee ........................................ 14
   Expense Deduction for Specified Amount
   Increases ...................................... 14

Cash Values ....................................... 14
   Cash Values .................................... 14
   Cash Surrender Value ........................... 14
   Surrender Charge ............................... 14
   Partial Cash Surrender ......................... 14
   Paid-Up Insurance .............................. 15

Maturity Value .................................... 15

Basis of Values ................................... 15
   General ........................................ 15
   Cost of Insurance Rates ........................ 15
   Interest Rate .................................. 15
   Expense Deductions ............................. 15
   Redetermination of Current Assumptions ......... 16
   Paid-Up Insurance .............................. 16

Loans ............................................. 16
   Loan Value ..................................... 16
   Loan Interest .................................. 16
   Loan Repayment ................................. 16
   Loan Limit ..................................... 16

Policy Changes .................................... 16
   Change of Death Benefit Option ................. 16
   Change of Specified Amount ..................... 16

Settlement of Policy Proceeds ..................... 16

# Schedule of Benefits

The following schedule shows the benefits under your contract. The benefits mature or expire on the dates shown below. Your coverage may expire prior to the maturity date if the planned premiums and the guaranteed interest credited are not adequate to continue coverage to that date. In this case, the expiry date of the contract is shown on page 5.

The monthly activity day for your policy is day [30] of each month. [For months which do not have [30] days, the monthly activity day will be the first day of the following month.] Monthly cost of insurance charges and expense deductions for each benefit are made on the monthly activity day until the maturity or expiry date shown.

| Basic Plan Benefit | Specified Amount | Maturity Date |
|---|---|---|
| Flexible Premium Adjustable Life Insurance - Death Benefit Option [1]<br>  The guaranteed maximum monthly cost of insurance rates are [150% of] the<br>  [Non-Smoker] Standard rates shown on page [7].<br>  [An extra $[.25] monthly per $1,000 of coverage is charged for [1] [year].]<br>  [An extra $[.30] monthly per $1,000 of coverage is charged for [5] [years].] | [$400,000] | [September 30, 2053] |

| Additional Benefits | Amount of Benefit | Expiry Date |
|---|---|---|
| [Primary Insured Term Rider on [John J. Doe]<br>  The guaranteed maximum monthly cost of insurance rates are [&PTTB. of]<br>  the [&PTCL.] Standard rates shown on page [7] of the contract.<br>  [An extra $[&PTFL1.] monthly per $1,000 of coverage is charged for [&PTFY1.] [Year.]<br>  [An extra $[&PTFL2.] monthly per $1,000 of coverage is charged for [&PTFY2.] [Years].]<br>  [Date through which the Primary Insured Term Rider is convertible:<br>   [&PITRCNVD.] | [&PITRDB.] | [&PITREXP.]] |
| [Waiver of Monthly Deductions Rider on [John J. Doe]<br>  [The monthly cost of insurance rates are [[2] times the rates] shown on<br>  the attached rider.] | | [September 30, 2018] |
| [Accidental Death Benefit Rider on [John J. Doe]<br>  [The monthly cost of insurance rates are [[2] times the rates] shown on<br>  the attached rider.] | [$350,000] | [September 30, 2023]] |
| [Children's Level Term Rider ([15] units)<br>  [The cost of this benefit is $.50 per $1,000 of benefit per month.] | [$15,000] | [September 30, 2023]] |
| [Additional Insured Rider on [Jane E. Doe]<br>  [Age and Sex: [30], [Female]<br>  [Rating Class: [Non-Smoker - Standard]]<br>  [The guaranteed maximum monthly cost of insurance rates are the<br>  [Non-Smoker] Standard rates shown on page [7].]<br>  [An extra $[.25] monthly per $1,000 of coverage is charged for [2] [years].]<br>  [An extra $[.34] monthly per $1,000 of coverage is charged for [5] [years].] | [$375,000] | [September 30, 2053]] |
| [Accidental Death Benefit Rider on [Jane E. Doe]<br>  [The monthly cost of insurance rates are  shown on<br>  the attached rider.] | [$350,000] | [September 30, 2028]] |
| [Additional Insured Rider on [Joanne J. Doe]<br>  [Age and Sex: [30], [Female]]<br>  [Rating Class: [Non-Smoker-Standard]]<br>  [The guaranteed maximum monthly cost of insurance rates are [165% of] the<br>  [Smoker] Standard rates shown on page [6].]<br>  [An extra $[.25] monthly per $1,000 of coverage is charged for [3] [years].]<br>  [An extra $[.34] monthly per $1,000 of coverage is charged for [5] [years].] | [$375,000] | [September 30, 2053]] |
| [Accidental Death Benefit Rider on [Joanne J. Doe]<br>  [The monthly cost of insurance rates are [[3] times the rates] shown on<br>  the attached rider.] | [$100,000] | [September 30, 2028]] |

LU3593

001999999999

# Schedule of Premiums

Minimum Annual Premium                                       [$6,440.16]

Premium Paid at Issue                                        [$1,049.36]

Planned Premium starting on [November 30, 1993]             [$524.68]  [Monthly by Pre-authorized Method]

# Schedule of Expense Deductions and Surrender Charges

| | |
|---|---|
| Maximum Monthly Policy Fee | [$10.00] |
| Pay Fee | |
|    Annually | $0.00 |
|    Semi-Annually | $1.50 |
|    Quarterly | $1.50 |
|    Monthly by Payroll Deduction Non-Discounted | $1.50 |
|    Monthly by Pre-Authorized Method, Government Allotment or Payroll Deduction Discounted | $0.25 |
| Partial Cash Surrender Fee | $25.00 |
| Surrender Charge Factor | [11.93] |
| Maximum Expense Factor for Specified Amount Increases | 2.00 |

# Guaranteed Cash Values and Paid-Up Insurance Amounts

| Policy Year | Attained Age | End of Year Policy Value $ | Surrender Charge $ | End of Year Cash Value $ | Amount of Paid-Up Insurance $ |
|---|---|---|---|---|---|
| [1 | [35] | [2,578] | [4,771] | [0] | [0]] |
| [2 | [36] | [6,468] | [4,771] | [1,697] | [8,244]] |
| [3 | [37] | [10,436] | [4,771] | [5,665] | [26,511]] |
| [4 | [38] | [14,461] | [4,771] | [9,690] | [43,689]] |
| [5 | [39] | [18,533] | [4,771] | [13,762] | [59,788]] |
| [6 | [40] | [22,621] | [4,580] | [18,041] | [75,530]] |
| [7 | [41] | [26,728] | [4,390] | [22,338] | [90,141]] |
| [8 | [42] | [30,828] | [4,199] | [26,629] | [103,589]] |
| [9 | [43] | [34,893] | [4,008] | [30,885] | [115,840]] |
| [10 | [44] | [38,920] | [3,817] | [35,103] | [126,968]] |
| [11 | [45] | [42,857] | [3,435] | [39,422] | [137,535]] |
| [12 | [46] | [46,686] | [3,054] | [43,632] | [146,857]] |
| [13 | [47] | [50,361] | [2,672] | [47,689] | [154,884]] |
| [14 | [48] | [53,869] | [2,290] | [51,579] | [161,685]] |
| [15 | [49] | [57,167] | [1,908] | [55,259] | [167,225]] |
| [16 | [50] | [60,189] | [1,527] | [58,662] | [171,422]] |
| [17 | [51] | [62,860] | [1,145] | [61,715] | [174,191]] |
| [18 | [52] | [65,093] | [763] | [64,330] | [175,434]] |
| [19 | [53] | [66,775] | [382] | [66,393] | [174,999]] |
| [20 | [54] | [67,786] | [0] | [67,786] | [172,773]] |
| [[26] | [60] | [55,167] | [0] | [55,167] | [116,049]] |
| [[31] | [65] | [20,389] | [0] | [20,389] | [37,094]] |
| [[36] | [70] | [Expired *] | [0] | [Expired *] | [Expired *]] |

e values above were determined assuming payment of the premiums shown below, and are based on the bene wn on page 3 at the time of issue, the guaranteed maximum monthly cost of insurance rates, the maximum expen uctions, and the guaranteed interest rate. The values assume there are no loans or loan interest on the contract.

r actual guaranteed cash value may differ from that shown above, due to variations in the frequency, timing, a ount of your premium payments. The actual guaranteed amount will be shown in the annual report we send you.

amounts of paid-up insurance are based on the guaranteed cash values, and the amounts of paid-up insurance of cash value shown on page [9].

| | | |
|---|---|---|
| emium Paid at Issue | [$1,049.36] | |
| anned Premium starting on [November 30, 1993] | [$524.68] | [Monthly by Pre-authorized Method] |
| aranteed Interest Rate | 4.50% | Per Year |
| an Interest Rate | 8.00% | Per Year |

ased on the guaranteed factors, the contract will expire without value on [March 1, 2026] unless premiums larger e planned premiums are paid.] [Based on the guaranteed factors, the policy will mature on [September 30, 2053

| | | | | |
|---|---|---|---|---|
| .20750 | 9 | .06250 | | |
| 1.32333 | 9 | .06083 | | |
| 1.44867 | 10 | .05833 | | |
| 1.57583 | 11 | .05750 | | |
| 1.71250 | 12 | .05667 | | |
| 1.85833 | 13 | .05833 | | |
| 2.02167 | 14 | .06083 | | |
| 2.20583 | 15 | .06417 | | |
| 2.41333 | 16 | .06833 | | |
| .64500 | 17 | .08000 | | |
| .89917 | 18 | .08417 | | |
| .16833 | 19 | .08833 | | |
| .45000 | 20 | .09250 | | |
| .74250 | 21 | .09500 | | |
| .04917 | 22 | .09750 | | |
| .38167 | 23 | .09917 | | |
| .74917 | 24 | .10167 | | |
| .16250 | 25 | .10417 | | |
| .63000 | 26 | .10667 | | |
| .14833 | 27 | .10917 | | |
| .71750 | 28 | .11333 | | |
| .32583 | 29 | .11667 | | |
| .94833 | 30 | .12083 | | |
| .57417 | 31 | .12583 | | |
| .20833 | 32 | .13167 | | |
| .87167 | 33 | .13667 | | |
| .58667 | 34 | .14250 | | |
| .37500 | 35 | .15000 | | |
| .4917 | 36 | .15833 | | |
| .9583 | 37 | .16750 | | |
| .8417 | 38 | .18167 | | |
| .8000 | 39 | .19833 | | |
| .6000 | 40 | .21750 | | |
| .6833 | 41 | .23833 | | |
| .2000 | 42 | .26333 | | |
| .6833 | | .29000 | | |
| | | .31667 | | |
| | | .31333 | | |

# Guaranteed Maximum Monthly Cost of Insurance Rates for Standard Rating Class

| Males | | | | Females | | | |
|---|---|---|---|---|---|---|---|
| Attained Age | Rates Per $1,000 | Attained Age | Rates Per $1,000 | Attained Age | Rates Per $1,000 | Attained Age | Rates Per $1,000 |
| | $ | | $ | | $ | | $ |
| 0 | .21917 | 48 | .70417 | 0 | .15667 | 48 | .49000 |
| 1 | .08583 | 49 | .76583 | 1 | .07000 | 49 | .52583 |
| 2 | .08250 | 50 | .83417 | 2 | .06667 | 50 | .56417 |
| 3 | .08083 | 51 | .91167 | 3 | .06500 | 51 | .60500 |
| 4 | .07750 | 52 | .99917 | 4 | .06417 | 52 | .65250 |
| 5 | .07333 | 53 | 1.09833 | 5 | .06250 | 53 | .70417 |
| 6 | .06917 | 54 | 1.20750 | 6 | .06083 | 54 | .75667 |
| 7 | .06500 | 55 | 1.32333 | 7 | .05917 | 55 | .81083 |
| 8 | .06250 | 56 | 1.44667 | 8 | .05833 | 56 | .86417 |
| 9 | .06167 | 57 | 1.57583 | 9 | .05750 | 57 | .91417 |
| 10 | .06250 | 58 | 1.71250 | 10 | .05667 | 58 | .98333 |
| 11 | .06750 | 59 | 1.85833 | 11 | .05833 | 59 | 1.01583 |
| 12 | .07667 | 60 | 2.02167 | 12 | .06083 | 60 | 1.07833 |
| 13 | .08917 | 61 | 2.20583 | 13 | .06417 | 61 | 1.15750 |
| 14 | .10333 | 62 | 2.41333 | 14 | .06833 | 62 | 1.25833 |
| 15 | .14667 | 63 | 2.64500 | 15 | .08000 | 63 | 1.38083 |
| 16 | .16333 | 64 | 2.89917 | 16 | .08417 | 64 | 1.51833 |
| 17 | .17500 | 65 | 3.16833 | 17 | .08833 | 65 | 1.68250 |
| 18 | .18417 | 66 | 3.45000 | 18 | .09250 | 66 | 1.81000 |
| 19 | .19000 | 67 | 3.74250 | 19 | .09500 | 67 | 1.95250 |
| 20 | .19333 | 68 | 4.04917 | 20 | .09750 | 68 | 2.09583 |
| 21 | .19333 | 69 | 4.38167 | 21 | .09917 | 69 | 2.25250 |
| 22 | .19000 | 70 | 4.74917 | 22 | .10167 | 70 | 2.43750 |
| 23 | .18667 | 71 | 5.16250 | 23 | .10417 | 71 | 2.67250 |
| 24 | .18167 | 72 | 5.63000 | 24 | .10667 | 72 | 2.95917 |
| 25 | .17583 | 73 | 6.14833 | 25 | .10917 | 73 | 3.30167 |
| 26 | .17250 | 74 | 6.71750 | 26 | .11333 | 74 | 3.69187 |
| 27 | .17083 | 75 | 7.32583 | 27 | .11667 | 75 | 4.11833 |
| 28 | .17083 | 76 | 7.94833 | 28 | .12083 | 76 | 4.57250 |
| 29 | .17333 | 77 | 8.57417 | 29 | .12583 | 77 | 5.04667 |
| 30 | .17750 | 78 | 9.20833 | 30 | .13167 | 78 | 5.54917 |
| 31 | .18333 | 79 | 9.87167 | 31 | .13667 | 79 | 6.09583 |
| 32 | .19083 | 80 | 10.58667 | 32 | .14250 | 80 | 6.71000 |
| 33 | .20083 | 81 | 11.37500 | 33 | .15000 | 81 | 7.40667 |
| 34 | .21250 | 82 | 12.24917 | 34 | .15833 | 82 | 8.20083 |
| 35 | .22667 | 83 | 13.19583 | 35 | .16750 | 83 | 9.11917 |
| 36 | .24333 | 84 | 14.18417 | 36 | .18167 | 84 | 10.11667 |
| 37 | .26417 | 85 | 15.18000 | 37 | .19833 | 85 | 11.17750 |
| 38 | .28750 | 86 | 16.16000 | 38 | .21750 | 86 | 12.29500 |
| 39 | .31417 | 87 | 17.16833 | 39 | .23833 | 87 | 13.45750 |
| 40 | .34500 | 88 | 18.22000 | 40 | .26333 | 88 | 14.67250 |
| 41 | .37833 | 89 | 19.26833 | 41 | .29000 | 89 | 15.93750 |
| 42 | .41500 | 90 | 20.32833 | 42 | .31667 | 90 | 17.34417 |
| 43 | .45500 | 91 | 21.43333 | 43 | .34333 | 91 | 18.86250 |
| 44 | .49917 | 92 | 22.71750 | 44 | .37000 | 92 | 20.55300 |
| 45 | .54583 | 93 | 24.36917 | 45 | .39833 | 93 | 22.54333 |
| 46 | .59417 | 94 | 26.63000 | 46 | .42750 | 94 | 25.22333 |
| 47 | .64750 | | | 47 | .45750 | | |

# Guaranteed Cash Values and Paid-Up Insurance Amounts

| Policy Year | Attained Age | End of Year Policy Value $ | Surrender Charge $ | End of Year Cash Value $ | Amount of Paid-Up Insurance $ |
|---|---|---|---|---|---|
| [1 | [35] | [2,578] | [4,771] | [0] | [0] |
| [2 | [36] | [8,468] | [4,771] | [1,697] | [9,244] |
| [3 | [37] | [10,436] | [4,771] | [5,665] | [28,514] |
| [4 | [38] | [14,461] | [4,771] | [9,690] | [43,589] |
| [5 | [39] | [18,523] | [4,771] | [13,752] | [56,758] |
| [6 | [40] | [22,821] | [4,560] | [18,041] | [75,933] |
| [7 | [41] | [26,728] | [4,390] | [22,338] | [90,141] |
| [8 | [42] | [30,828] | [4,199] | [26,629] | [103,989] |
| [9 | [43] | [34,893] | [4,008] | [30,885] | [115,840] |
| [10 | [44] | [38,920] | [3,817] | [35,103] | [126,889] |
| [11 | [45] | [42,857] | [3,435] | [39,422] | [137,525] |
| [12 | [46] | [46,886] | [3,054] | [43,832] | [146,957] |
| [13 | [47] | [50,361] | [2,672] | [47,689] | [154,864] |
| [14 | [48] | [53,859] | [2,280] | [51,579] | [161,985] |
| [15 | [49] | [57,167] | [1,908] | [55,259] | [167,225] |
| [16 | [50] | [60,189] | [1,527] | [58,662] | [171,422] |
| [17 | [51] | [62,860] | [1,145] | [61,715] | [174,191] |
| [18 | [52] | [65,023] | [763] | [64,330] | [175,434] |
| [19 | [53] | [66,775] | [382] | [66,393] | [174,939] |
| [20 | [54] | [67,786] | [0] | [67,786] | [172,773] |
| [[26] | [60] | [55,167] | [0] | [55,167] | [118,645] |
| [[31] | [65] | [20,389] | [0] | [20,389] | [37,094] |
| [[36] | [70] | [Expired *] | [0] | [Expired *] | [Expired *] |

The values above were determined assuming payment of the premiums shown below, and are based on the ben...
shown on page 3 at the time of issue, the guaranteed maximum monthly cost of insurance rates, the maximum expe...
deductions, and the guaranteed interest rate.  The values assume there are no loans or loan interest on the contrac...

Your actual guaranteed cash value may differ from that shown above, due to variations in the frequency, timing,...
amount of your premium payments.  The actual guaranteed amount will be shown in the annual report we send you...

The amounts of paid-up insurance are based on the guaranteed cash values, and the amounts of paid-up insurance...
$100 of cash value shown on page [9].

| | | |
|---|---|---|
| Premium Paid at Issue | [$1,049.36] | |
| Planned Premium starting on [November 30, 1993] | [$524.68] | [Monthly by Pre-authorized Method] |
| Guaranteed Interest Rate | 4.50% | Per Year |
| Loan Interest Rate | 6.00% | Per Year |

* [Based on the guaranteed factors, the contract will expire without value on [March 1, 2026] unless premiums large...
the planned premiums are paid.]  [Based on the guaranteed factors, the policy will mature on [September 30, 205...

0000000007\437\8AA\000\0034\1\0034\1\3\0\1\3\3\3\0\37\_1_\  0000094 04 113

# Guaranteed Maximum Monthly Cost of Insurance Rates for Non-Smoker and Healthy American Standard Rating Classes

| Males | | | | | Females | | | |
|---|---|---|---|---|---|---|---|---|
| Attained Age | Rates Per $1,000 | Attained Age | Rates Per $1,000 | | Attained Age | Rates Per $1,000 | Attained Age | Rates Per $1,000 |
| | $ | | $ | | | $ | | $ |
| 18 | .13583 | 57 | .63000 | | 18 | .08000 | 57 | .60583 |
| 19 | .13917 | 58 | .91250 | | 19 | .08250 | 58 | .64333 |
| 20 | .14000 | 59 | 1.00500 | | 20 | .08417 | 59 | .68667 |
| 21 | .13833 | 60 | 1.10833 | | 21 | .08583 | 60 | .73667 |
| 22 | .13583 | 61 | 1.22417 | | 22 | .08667 | 61 | .79833 |
| 23 | .13250 | 62 | 1.35667 | | 23 | .08833 | 62 | .87500 |
| 24 | .12917 | 63 | 1.50750 | | 24 | .09000 | 63 | .96917 |
| 25 | .12500 | 64 | 1.67417 | | 25 | .09167 | 64 | 1.07500 |
| 26 | .12250 | 65 | 1.85750 | | 26 | .09417 | 65 | 1.19000 |
| 27 | .12083 | 66 | 2.05583 | | 27 | .09583 | 66 | 1.30833 |
| 28 | .12000 | 67 | 2.26833 | | 28 | .09833 | 67 | 1.42917 |
| 29 | .12000 | 68 | 2.49917 | | 29 | .10167 | 68 | 1.55500 |
| 30 | .12083 | 69 | 2.75583 | | 30 | .10417 | 69 | 1.69417 |
| 31 | .12333 | 70 | 3.07000 | | 31 | .10750 | 70 | 1.85833 |
| 32 | .12667 | 71 | 3.40333 | | 32 | .11083 | 71 | 2.05833 |
| 33 | .13167 | 72 | 3.76000 | | 33 | .11500 | 72 | 2.30333 |
| 34 | .13750 | 73 | 4.19333 | | 34 | .12000 | 73 | 2.59750 |
| 35 | .14417 | 74 | 4.67000 | | 35 | .12583 | 74 | 2.93583 |
| 36 | .15167 | 75 | 5.18000 | | 36 | .13417 | 75 | 3.31417 |
| 37 | .16167 | 76 | 5.71917 | | 37 | .14417 | 76 | 3.72417 |
| 38 | .17250 | 77 | 6.28333 | | 38 | .15500 | 77 | 4.16333 |
| 39 | .18417 | 78 | 6.87583 | | 39 | .16667 | 78 | 4.63917 |
| 40 | .19833 | 79 | 7.51583 | | 40 | .18083 | 79 | 5.16667 |
| 41 | .21333 | 80 | 8.22333 | | 41 | .19583 | 80 | 5.78750 |
| 42 | .22917 | 81 | 9.01833 | | 42 | .21083 | 81 | 6.45917 |
| 43 | .24667 | 82 | 9.91583 | | 43 | .22583 | 82 | 7.25750 |
| 44 | .26583 | 83 | 10.91250 | | 44 | .24083 | 83 | 8.15917 |
| 45 | .28750 | 84 | 11.99000 | | 45 | .25750 | 84 | 9.15583 |
| 46 | .31083 | 85 | 13.12417 | | 46 | .27500 | 85 | 10.23500 |
| 47 | .33583 | 86 | 14.30000 | | 47 | .29417 | 86 | 11.39167 |
| 48 | .36333 | 87 | 15.50000 | | 48 | .31417 | 87 | 12.62333 |
| 49 | .39333 | 88 | 16.71917 | | 49 | .33667 | 88 | 13.83167 |
| 50 | .42750 | 89 | 17.97500 | | 50 | .36167 | 89 | 15.32750 |
| 51 | .46667 | 90 | 19.28583 | | 51 | .38917 | 90 | 16.82250 |
| 52 | .51167 | 91 | 20.68250 | | 52 | .42083 | 91 | 18.45250 |
| 53 | .56333 | 92 | 22.21750 | | 53 | .45583 | 92 | 20.28083 |
| 54 | .62083 | 93 | 24.04333 | | 54 | .49167 | 93 | 22.43833 |
| 55 | .68583 | 94 | 26.50333 | | 55 | .53000 | 94 | 25.22333 |
| 56 | .75583 | | | | 56 | .56833 | | |

# Amounts of Paid-Up Insurance Per $100 of Cash Value for Standard and Special Rating Classes

| | Males | | | | Females | | |
|---|---|---|---|---|---|---|---|
| Attained Age | Amount Per $100 of Cash Value $ | Attained Age | Amount Per $100 of Cash Value $ | Attained Age | Amount Per $100 of Cash Value $ | Attained Age | Amount Per $100 of Cash Value $ |
| 0 | 1327.94 | 48 | 259.45 | 0 | 1693.46 | 48 | 318.44 |
| 1 | 1311.23 | 49 | 251.46 | 1 | 1668.32 | 49 | 308.46 |
| 2 | 1269.89 | 50 | 243.80 | 2 | 1616.82 | 50 | 298.88 |
| 3 | 1228.78 | 51 | 236.49 | 3 | 1565.33 | 51 | 289.69 |
| 4 | 1188.28 | 52 | 229.51 | 4 | 1514.45 | 52 | 280.85 |
| 5 | 1148.20 | 53 | 222.86 | 5 | 1464.46 | 53 | 272.38 |
| 6 | 1108.50 | 54 | 216.53 | 6 | 1415.22 | 54 | 264.28 |
| 7 | 1069.30 | 55 | 210.52 | 7 | 1366.80 | 55 | 256.47 |
| 8 | 1030.69 | 56 | 204.81 | 8 | 1319.27 | 56 | 248.98 |
| 9 | 992.91 | 57 | 199.36 | 9 | 1272.82 | 57 | 241.76 |
| 10 | 956.17 | 58 | 194.17 | 10 | 1227.49 | 58 | 234.77 |
| 11 | 920.63 | 59 | 189.21 | 11 | 1183.28 | 59 | 227.98 |
| 12 | 886.60 | 60 | 184.46 | 12 | 1140.57 | 60 | 221.39 |
| 13 | 854.30 | 61 | 179.94 | 13 | 1099.42 | 61 | 215.00 |
| 14 | 823.85 | 62 | 175.63 | 14 | 1059.85 | 62 | 208.85 |
| 15 | 795.17 | 63 | 171.54 | 15 | 1021.88 | 63 | 202.96 |
| 16 | 769.90 | 64 | 167.67 | 16 | 986.20 | 64 | 197.35 |
| 17 | 746.07 | 65 | 164.01 | 17 | 951.85 | 65 | 192.01 |
| 18 | 723.29 | 66 | 160.55 | 18 | 918.76 | 66 | 186.93 |
| 19 | 701.34 | 67 | 157.27 | 19 | 886.88 | 67 | 182.06 |
| 20 | 680.02 | 68 | 154.14 | 20 | 856.00 | 68 | 177.37 |
| 21 | 659.18 | 69 | 151.15 | 21 | 826.10 | 69 | 172.84 |
| 22 | 638.67 | 70 | 148.30 | 22 | 797.08 | 70 | 168.45 |
| 23 | 618.39 | 71 | 145.58 | 23 | 768.99 | 71 | 164.21 |
| 24 | 598.37 | 72 | 143.01 | 24 | 741.77 | 72 | 160.16 |
| 25 | 578.58 | 73 | 140.58 | 25 | 715.42 | 73 | 156.32 |
| 26 | 559.03 | 74 | 138.31 | 26 | 689.91 | 74 | 152.71 |
| 27 | 539.82 | 75 | 136.18 | 27 | 665.27 | 75 | 149.31 |
| 28 | 521.04 | 76 | 134.21 | 28 | 641.45 | 76 | 146.13 |
| 29 | 502.71 | 77 | 132.36 | 29 | 618.44 | 77 | 143.13 |
| 30 | 484.92 | 78 | 130.62 | 30 | 596.25 | 78 | 140.29 |
| 31 | 467.67 | 79 | 128.96 | 31 | 574.85 | 79 | 137.59 |
| 32 | 450.99 | 80 | 127.37 | 32 | 554.19 | 80 | 135.02 |
| 33 | 434.88 | 81 | 125.84 | 33 | 534.27 | 81 | 132.57 |
| 34 | 419.35 | 82 | 124.39 | 34 | 515.08 | 82 | 130.24 |
| 35 | 404.41 | 83 | 123.01 | 35 | 496.61 | 83 | 128.05 |
| 36 | 390.05 | 84 | 121.71 | 36 | 478.85 | 84 | 125.99 |
| 37 | 376.26 | 85 | 120.47 | 37 | 461.84 | 85 | 124.05 |
| 38 | 363.06 | 86 | 119.26 | 38 | 445.59 | 86 | 122.20 |
| 39 | 350.43 | 87 | 118.06 | 39 | 430.08 | 87 | 120.42 |
| 40 | 338.35 | 88 | 116.83 | 40 | 415.27 | 88 | 118.66 |
| 41 | 326.82 | 89 | 115.52 | 41 | 401.17 | 89 | 116.87 |
| 42 | 315.81 | 90 | 114.08 | 42 | 387.73 | 90 | 115.00 |
| 43 | 305.30 | 91 | 112.40 | 43 | 374.91 | 91 | 112.96 |
| 44 | 295.27 | 92 | 110.37 | 44 | 362.65 | 92 | 110.66 |
| 45 | 285.70 | 93 | 107.82 | 45 | 350.90 | 93 | 107.92 |
| 46 | 276.56 | 94 | 104.50 | 46 | 339.64 | 94 | 104.50 |
| 47 | 267.82 | | | 47 | 328.83 | | |

LU3593

0019999999

# Amounts of Paid-Up Insurance Per $100 of Cash Value for Non-Smoker and Healthy American Standard and Special Rating Classes

| | Males | | | | Females | | |
|---|---|---|---|---|---|---|---|
| Attained Age | Amount Per $100 of Cash Value | Attained Age | Amount Per $100 of Cash Value | Attained Age | Amount Per $100 of Cash Value | Attained Age | Amount Per $100 of Cash Value |
| | $ | | $ | | $ | | $ |
| 18 | 913.31 | 57 | 231.07 | 18 | 1080.85 | 57 | 263.56 |
| 19 | 885.17 | 58 | 223.84 | 19 | 1024.17 | 58 | 255.05 |
| 20 | 857.77 | 59 | 216.95 | 20 | 988.69 | 59 | 246.83 |
| 21 | 830.91 | 60 | 210.36 | 21 | 954.28 | 60 | 238.90 |
| 22 | 804.43 | 61 | 204.09 | 22 | 920.91 | 61 | 231.27 |
| 23 | 778.30 | 62 | 198.11 | 23 | 888.48 | 62 | 223.93 |
| 24 | 752.51 | 63 | 192.43 | 24 | 857.04 | 63 | 216.92 |
| 25 | 727.11 | 64 | 187.04 | 25 | 826.57 | 64 | 210.23 |
| 26 | 702.08 | 65 | 181.93 | 26 | 797.04 | 65 | 203.88 |
| 27 | 677.55 | 66 | 177.08 | 27 | 768.48 | 66 | 197.82 |
| 28 | 653.58 | 67 | 172.48 | 28 | 740.81 | 67 | 192.03 |
| 29 | 630.21 | 68 | 168.10 | 29 | 714.04 | 68 | 186.48 |
| 30 | 607.48 | 69 | 163.94 | 30 | 688.20 | 69 | 181.15 |
| 31 | 585.41 | 70 | 159.98 | 31 | 663.20 | 70 | 176.03 |
| 32 | 564.05 | 71 | 156.26 | 32 | 639.05 | 71 | 171.11 |
| 33 | 543.40 | 72 | 152.74 | 33 | 615.73 | 72 | 166.42 |
| 34 | 523.48 | 73 | 149.41 | 34 | 593.23 | 73 | 161.98 |
| 35 | 504.28 | 74 | 146.29 | 35 | 571.54 | 74 | 157.79 |
| 36 | 485.78 | 75 | 143.38 | 36 | 550.65 | 75 | 153.85 |
| 37 | 467.98 | 76 | 140.65 | 37 | 530.59 | 76 | 150.15 |
| 38 | 450.87 | 77 | 138.10 | 38 | 511.35 | 77 | 146.67 |
| 39 | 434.44 | 78 | 135.68 | 39 | 492.91 | 78 | 143.39 |
| 40 | 418.66 | 79 | 133.39 | 40 | 475.22 | 79 | 140.27 |
| 41 | 403.53 | 80 | 131.21 | 41 | 458.29 | 80 | 137.32 |
| 42 | 389.01 | 81 | 129.15 | 42 | 442.08 | 81 | 134.53 |
| 43 | 375.07 | 82 | 127.19 | 43 | 426.54 | 82 | 131.90 |
| 44 | 361.70 | 83 | 125.35 | 44 | 411.62 | 83 | 129.44 |
| 45 | 348.88 | 84 | 123.62 | 45 | 397.28 | 84 | 127.12 |
| 46 | 336.58 | 85 | 121.99 | 46 | 383.50 | 85 | 124.96 |
| 47 | 324.78 | 86 | 120.45 | 47 | 370.26 | 86 | 122.90 |
| 48 | 313.47 | 87 | 118.96 | 48 | 357.54 | 87 | 120.94 |
| 49 | 302.62 | 88 | 117.49 | 49 | 345.31 | 88 | 119.03 |
| 50 | 292.22 | 89 | 115.97 | 50 | 333.55 | 89 | 117.12 |
| 51 | 282.25 | 90 | 114.35 | 51 | 322.27 | 90 | 115.15 |
| 52 | 272.71 | 91 | 112.55 | 52 | 311.44 | 91 | 113.04 |
| 53 | 263.58 | 92 | 110.43 | 53 | 301.05 | 92 | 110.69 |
| 54 | 254.88 | 93 | 107.84 | 54 | 291.10 | 93 | 107.92 |
| 55 | 246.56 | 94 | 104.50 | 55 | 281.55 | 94 | 104.50 |
| 56 | 238.63 | | | 56 | 272.38 | | |

# General Provisions

**Entire Contract** - This policy, any riders and endorsements, the application, and any supplemental applications are the entire contract. A copy of the application is attached. Any supplemental applications will also be attached to and made part of the contract. All statements made in the application and any supplemental applications are representations and not warranties. No statement will be used by us in defense of a claim or to void this contract unless it is in the signed application or signed supplemental applications.

Only our officers may change this contract or waive a right or requirement. No agent or representative may do this.

**Owner** - The owner is called 'you'. Unless changed, the owner is as named in the application. If all named owners and contingent owners have died or if there is no owner named, the owner is the insured.

This contract is yours. You may use all contract rights while this contract is in force. These include the right to:

1. Change the beneficiary(s);
2. Change the owner;
3. Assign this contract;
4. Receive benefits;
5. Elect settlement options;
6. Make flexible payments;
7. Change the death benefit option; and
8. Change the specified amount.

**Beneficiary** - Unless changed, the beneficiary named in the application is the payee to whom death proceeds are to be paid.

Subject to the terms of this contract, the death proceeds will be paid to a payee who is living on the earlier of:

1. The day we receive due proof of the insured's death; or
2. The 15th day past the insured's death.

The payees may be grouped into classes. Unless changed by you:

1. Equal shares will be paid, if there is more than one payee in the same class; and
2. The share of any payee who is not living will be paid to the rest of the payees in the same class.

If no payee is living, the death proceeds will be paid to the insured's estate.

**Change of Owner or Beneficiary** - Unless you state otherwise, you may change the owner or beneficiary while the insured is alive. You make a change by writing to us. Once we accept the change, it takes effect as of the date you signed the request. Each change is subject to any payment we make or other action we take before we accept it.

**Assignment** - You may assign this contract. We are not responsible for the soundness of an assignment. No assignment will bind us unless it is written and acknowledged by us in writing.

**Attained Age** - Attained age, as used in this policy, is the insured's age last birthday as of the policy date and policy anniversaries of this contract.

**Misstatement of Age or Sex** - If the insured's age or sex shown on the application is wrong, we will change the death benefit we pay to the amount which the most recent monthly cost of insurance deduction made would have bought at the right age and sex.

**Incontestability** - Except for increases in specified amount and provisions on incontestability found in any attached rider, we may not contest this contract once it has been in force while the insured is alive for 2 years from its start date except for failure to make payments required to keep this contract in force.

We may not contest any increase in specified amount once it has been in force while the insured is alive for 2 years from the start date of the increase.

**Suicide or Self-Destruction** - If the insured dies by suicide while sane or self-destruction while insane within 2 years from the start date of the contract:

1. We will only pay a refund of the payments made less any policy loans, loan interest and partial surrenders; and
2. The contract will stop.

If the insured dies by suicide while sane or self-destruction while insane within 2 years from the start date of any increase in specified amount:

1. We will limit the proceeds payable with respect to the increase to the amount of deductions made which are related to such increase; and
2. The contract will stop.

**Nonparticipating** - This policy is nonparticipating. It does not share in our profits or surplus earnings. We will pay no dividends on this policy.

**Annual Report** - We will send you a report without charge within 3 months following each policy anniversary. Each report will provide information on various transactions that took place during the policy year just completed, as well as information on the current status of the policy. This information will include items such as:

1. The policy value as of the end of the current and prior year;
2. The amount of payments made and interest credited during the year;

3. The deductions for cost of insurance, riders, and expense charges made during the year;
4. The amount of partial surrenders during the year;
5. The current cash value and surrender charge;
6. The amount of outstanding policy loans;
7. The current cash surrender value;
8. The current death benefit; and
9. The current rates of interest.

If you ask us, we will send you an additional report, at any time during the policy year. We may charge you for this report. The charge will not be more than $25. We will tell you what the current charge is before sending the report.

**Policy Projections** - If you ask us, we will send you a projection of death benefits and cash values. These will be based on both the guaranteed and current cost of insurance and interest rates, as well as your planned premiums. We may charge you for these projections. The charge will not be more than $25 per projection. We will tell you what the current charge is before sending the illustration.

**Compliance With Federal Laws** - In order for your policy to maintain its status as life insurance under the Internal Revenue Code, we may amend the contract to comply with:

1. Future changes in the Internal Revenue Code;
2. Any regulations or rulings under the Code; and
3. Any other requirements imposed by the Internal Revenue Service.

We will give you a copy of any such endorsement. If you do not accept the change, your contract may not qualify as life insurance under the Internal Revenue Code.

# Premium Provisions

**General** - Policy months and years are measured from the policy date. The amount of the minimum annual premium as of the policy date is shown on page 4. The minimum monthly premium is the minimum annual premium divided by 12.

The minimum annual premium is due on the policy date, except for policies being paid by the Pre-Authorized Method, Payroll Deduction, or Government Allotment payment plans. For these payment plans, two times the minimum monthly premium is due on the policy date. If you ask to change your pay plan in the first policy year, we may require that any unpaid portion of the minimum annual premium be paid in full at that time.

The planned premium and the pay fee for your payment mode are shown on page 4.

We will refund any premiums paid after the date of the insured's death.

Pay us or one of our agents. If you ask, we will give you a receipt.

**Premium Frequency and Amount** - Page 4 shows the time between planned premium payments. You may change the time between payments and the amount of the planned premiums.

Additional payments may be made at any time while this contract is in force. We reserve the right to limit any scheduled or additional payment to a minimum amount of $10. All payments will be credited to the policy value as described in the Policy Values section.

**Minimum Annual Premium** - The minimum annual premium as of the policy date is shown on page 4. We will recalculate the minimum annual premium whenever:

1. An additional benefit is changed, added to, or deleted from the policy; or

2. The policy's specified amount is changed.

The start date and amount of your new minimum annual premium will be shown on an endorsement to page 4.

**Minimum Premium Rule** - Except as provided in the Waiver of Monthly Deductions Rider attached to the policy, the minimum premium rule will be in effect until the earlier of:

1. The end of the fourth policy year; or
2. The monthly activity day on which the cash value first becomes positive.

On any monthly activity day while the minimum premium rule is in effect, we guarantee that the contract will remain in force if the cumulative premiums paid, less any partial surrenders, loans and loan interest, is greater than or equal to the cumulative minimum premium. The cumulative minimum premium will be calculated by dividing the minimum annual premium by 12, and multiplying the number of policy months since issue.

If the minimum annual premium was changed as provided in the Minimum Annual Premium provision, each minimum annual premium will be divided by 12, multiplied by the respective number of policy months it was in effect, and summed to obtain the cumulative minimum premium.

**Maximum Premiums** - In order for your policy to maintain its status as life insurance under the Internal Revenue Code, the maximum amount of the premiums you may pay is limited. We will conduct a test once each year in which premiums are paid and refund the excess premiums with interest at the guaranteed interest rate, if applicable.

We will perform any necessary action within 60 days of the end of the policy year in which the required test has not been met.

**Grace Period -** If the Minimum Premium Rule is in effect, on each monthly activity day, we will check whether the cumulative premiums paid less any partial cash surrenders, policy loans and loan interest, is less than the cumulative minimum premium. If it is, we will allow a grace period of 60 days starting on the date the check was performed.

If the Minimum Premium Rule is not in effect, on each monthly activity day, we will check whether the total of the cash value less any policy loans and loan interest, is less than or equal to the monthly deduction for the current policy month. If it is, we will allow a grace period of 60 days starting on the next monthly activity day.

This contract will be in force through the grace period. If you do not make a sufficient payment by the end of the grace period, this contract will stop. If the insured dies before the grace period ends, we will deduct any monthly deductions due us from the amounts we pay. We will send written notices to the most recent addresses we have for you and any assignees at least 31 days prior to the day coverage stops.

**Reinstatement -** If this contract stops, you may ask us to reinstate it up to 5 years after the date that it stopped. If you elected the paid-up insurance option, you may also reinstate it. You may not use this right if we paid you the cash value. We will reinstate the contract if you:

1. Give us due proof that the insured is still insurable;
2. Pay an amount large enough to cover a deduction for the cost of insurance for the time, up to 6 months, since the cash value became zero or the time since you chose the paid-up insurance option;
3. Pay an amount large enough to keep the policy in force for 2 months following the monthly activity day on or after the effective date of reinstatement;
4. Pay any unpaid portion of the minimum annual premium for the first policy year;

5. Pay any unpaid portion of the expense deduction for specified amount increases; and
6. Pay any unpaid portion of the expense deductions on any Additional Insured Riders attached to this contract.

Any policy loan and loan interest at the time the contract stopped will not be reinstated.

The effective date of reinstatement is the date the application for reinstatement is approved by us. The surrender charge on the effective date of reinstatement will be the same as it would have been if this contract had not stopped. The specified amount on the effective date of reinstatement will be the specified amount in force when the contract stopped or when the paid-up insurance option was elected.

The policy value on the effective date of reinstatement before applying any premiums received from you is equal to the lesser of:

1. The policy value less any loans and loan interest at the time the contract stopped; or
2. The surrender charge on the effective date of reinstatement.

If the policy is reinstated from the paid-up insurance option, the policy value on the effective date of reinstatement is equal to the sum of:

1. The cash value of the paid-up insurance option less any loans and loan interest on the effective date of reinstatement; and
2. The surrender charge on the effective date of reinstatement.

The Incontestability and Suicide or Self-Destruction provisions will apply from the policy's original start date for statements made in the original application and from the start date of any increases or additions for statements made in the supplemental applications. The Incontestability provision will start on the effective date of reinstatement for statements made in the application for reinstatement of this policy.

# Death Benefit

**Death Benefit -** We will pay the death benefit less any policy loans and loan interest, to the beneficiary when we receive due proof of the insured's death while this policy is in force prior to the maturity date. The death benefit is based upon the following:

1. The death benefit option in effect on the date of death; and
2. Any increases or decreases to the specified amount shown on page 3.

In order for your policy to maintain its status as life insurance under the Internal Revenue Code, the death

benefit payable may not be less than a certain percentage of your policy value. This percentage is based on the insured's attained age as shown at the end of this provision.

We will conduct a test at least once a year and increase the death benefit to be equal to the applicable percentage of your policy value, if necessary. If we cannot increase the death benefit due to underwriting limits, we will return the amount of policy value necessary so that the death benefit will be equal to the applicable percentage of your policy value after returning the amount.

LU3503

We will perform any necessary action within 60 days of the end of the policy year in which the requirement has not been met.

| Attained Age | Percentage | Attained Age | Percentage |
|---|---|---|---|
| 0-40 | 250% | 61 | 128% |
| 41 | 243% | 62 | 126% |
| 42 | 236% | 63 | 124% |
| 43 | 229% | 64 | 122% |
| 44 | 222% | 65 | 120% |
| 45 | 215% | 66 | 119% |
| 46 | 209% | 67 | 118% |
| 47 | 203% | 68 | 117% |
| 48 | 197% | 69 | 116% |
| 49 | 191% | 70 | 115% |
| 50 | 185% | 71 | 113% |
| 51 | 178% | 72 | 111% |
| 52 | 171% | 73 | 109% |
| 53 | 164% | 74 | 107% |
| 54 | 157% | 75 to 90 | 105% |
| 55 | 150% | 91 | 104% |
| 56 | 146% | 92 | 103% |
| 57 | 142% | 93 | 102% |
| 58 | 138% | 94 | 101% |
| 59 | 134% | 95 | 100% |
| 60 | 130% | | |

**Death Benefit Option** - While the insured is alive you may choose between two death benefit options:

Option 1. The death benefit will be the greater of:

a. The specified amount on the date of death; and
b. The percentage of the policy value shown in the Death Benefit provision.

Option 2. The death benefit will be the greater of:

a. The specified amount plus the policy value on the date of death; and
b. The percentage of the policy value shown in the Death Benefit provision.

The initial death benefit option selected by you is stated in the application and shown on page 3.

For both death benefit options:

1. If the insured dies during the grace period, we will deduct any monthly deductions due us from the amounts we pay; and
2. We will refund any premiums paid after the date of the insured's death.

# Policy Values

**Policy Values** - On the policy date, the policy value is the first payment less the pay fee.

The policy date is the first monthly activity day. On each monthly activity day after the policy date, the policy value is:

1. The policy value as of the prior monthly activity day less the monthly deduction for the month just ended, as described in the Monthly Deduction provision;
2. Plus interest on (1) above;
3. Less any partial surrenders and partial surrender administration fees;
4. Plus any payments received since the prior monthly activity day, less pay fees.

On any day other than a monthly activity day, the policy value is:

1. The policy value as of the prior monthly activity day, less the monthly deduction for the current month;
2. Less any partial surrenders and partial surrender administration fees;
3. Plus any payments received since the prior monthly activity day, less pay fees.

**Monthly Deduction** - The monthly deduction is the sum of:

1. The monthly cost of insurance for the basic plan benefit;

2. The monthly cost of insurance as provided in the Monthly Cost of Insurance provision of any riders attached to this contract;
3. The monthly policy fee;
4. Any monthly expense deduction made as provided in the Expense Deduction for Specified Amount Increases provision of this contract; and
5. Any monthly expense deduction made as provided in the Expense Deductions provision of any additional insured riders attached to this contract.

We will automatically take out the monthly deduction from the policy value on each monthly activity day, even if you have not made a premium payment. The amount of coverage provided by the contract and any attached riders will remain the same as if you had not stopped payments.

As provided in the Grace Period provision, if the cash value less any policy loans and loan interest is not enough to cover the monthly deduction, a 60 day grace period will be allowed.

**Monthly Cost of Insurance** - The monthly cost of insurance is determined as follows:

1. Determine an intermediate policy value using the policy value as of the end of the prior month, plus premiums paid, less pay fees, less the monthly cost of insurance for any riders, (excluding Waiver of Monthly Deductions), and less expense deductions;

Calculate the death benefit as defined in the Death Benefit section using the intermediate policy value in place of the policy value;

Divide the death benefit derived in (2) by 1.0036748 and subtract the intermediate policy value;

Divide the result by 1,000;

Multiply the result from (4) by the monthly cost of insurance rate per $1,000. The cost of insurance rates are based on the insured's attained age, sex, and rating class. Any increases in the cost of insurance rates for special class risks are shown on page 3 or on an endorsement to page 3. The cost of insurance rates are described in the Basis of Values section; and

Add any extra monthly charges per $1,000 of coverage times the result of (4). These charges are shown on page 3 or on an endorsement to page 3.

**thly Policy Fee -** A monthly policy fee will be ucted from your policy value each month. The imum monthly policy fee is shown on page 4.

**Pay Fee -** For all payments received, we will deduct a pay fee. The pay fees are shown on page 4.

**Expense Deduction for Specified Amount Increases -** An expense deduction will be deducted from the policy value in each of the 12 months following the policy date of any increase in the specified amount. This monthly expense deduction will be equal to the product of:

1.  The number of thousands of increase in specified amount;

2.  The current monthly cost of insurance rate per $1,000 for the insured's attained age, sex, and rating class on the start date of the increase in specified amount. Any increases in the cost of insurance rates for special class risks are shown on page 3 or on an endorsement to page 3; and

3.  The expense factor for specified amount increases. The maximum expense factor is shown on page 4.

# sh Values

**Values -** The cash values of this policy are ulated in accordance with the Basis of Values on and are not less than the minimum values red by the state in which this policy is delivered. cash values at all times reflect the payments you have made and the time elapsed in the year.

5 shows the guaranteed cash values at the end ected policy years. These cash values assume are no loans or loan interest on the contract.

ash value of this policy is the policy value less surrender charge. If the surrender charge is r than the policy value, the cash value is zero.

**Surrender Value -** The cash surrender value is sh value less any policy loans and loan interest. the amount we will pay you if you ask us to stop licy. We reserve the right to defer the payment cash surrender value for 6 months after you ask we defer payment for 31 days or more, we will u interest from the date you ask us to the date nent. The amount of interest will be at a rate ined by us; the rate will not be less than that d by the state in which the contract is delivered.

**r Charge -** The surrender charge begins on cy date. The surrender charge is (A) x (B) x (C), A) is the surrender charge factor shown on (B) is the number of thousands of the initial d amount; and (C) is the surrender percentage e following table.

| Policy Year | Surrender Percentage | Policy Year | Surrender Percentage |
|---|---|---|---|
| 1-5 | 100% | 13 | 56% |
| 6 | 96% | 14 | 48% |
| 7 | 92% | 15 | 40% |
| 8 | 88% | 16 | 32% |
| 9 | 84% | 17 | 24% |
| 10 | 80% | 18 | 16% |
| 11 | 72% | 19 | 8% |
| 12 | 64% | 20 & later | 0% |

**Partial Cash Surrender -** You may request a partial surrender of the cash value. The amount of any partial cash surrender cannot exceed 20 percent of the cash surrender value. We will reduce the cash value by the amount of any partial cash surrender. For death benefit Option 1, we will also reduce the specified amount by the amount of any partial cash surrender.

There will be a partial cash surrender fee for each partial cash surrender. The amount of this fee is shown on page 4. We may limit the number of partial surrenders to one in each policy year. We may defer the payment of any partial surrender for up to 6 months after you ask us.

**Paid-Up Insurance -** You may stop making payments and keep this contract in force as paid-up insurance endowing at age 95. The cash surrender value will be used as a net single premium at the insured's attained age to buy the paid-up insurance. However, the amount of paid-up insurance cannot exceed the current death benefit.

001999999999

If the cash surrender value exceeds the amount needed to purchase paid-up insurance equal to the current death benefit, the excess paid-up insurance will be refunded. The amounts of paid-up insurance per $100 of cash value are shown on pages 8 and 9. To request this benefit, write us.

Page 5 shows the amount of paid-up insurance at the end of selected policy years. These amounts were determined based on the guaranteed cash values and the amounts of paid-up insurance per $100 of cash value.

# Maturity Value

The maturity date is shown on page 3, and is the policy anniversary on which the insured's attained age is 95. If the insured is living on the maturity date, we will pay the owner the maturity value. The maturity value is the cash surrender value on the maturity date. If we pay

the maturity value, this contract stops. This contract will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date.

# Basis of Values

**General -** The way in which guaranteed policy values and surrender charges are determined is filed with the insurance officials of the state in which this contract was delivered. The guaranteed policy values are based on the guaranteed maximum monthly cost of insurance rates, the maximum expense deductions, and the guaranteed interest rate. These are described below.

**Cost of Insurance Rates -** The monthly cost of insurance rates are based on the insured's attained age, sex, and rating class. For the initial specified amount, we will use the insured's rating class on the policy date. For increases in the specified amount, we will use the rating class applicable to the increase. Any increases in the death benefit due to application of the percentage factors to the policy value as described in the Death Benefit provision, will use the rating class for the most recent increase that required evidence of insurability.

The guaranteed maximum monthly cost of insurance rates are shown on pages 6 and 7. The rates shown for the standard rating class are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Smoker Mortality Table. The rates shown for the Non-Smoker and Healthy American standard rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Non-Smoker Mortality Table. Appropriate increases in the monthly cost of insurance rates have been made for special class risks. Any such increases are shown on page 3.

We may use cost of insurance rates lower than the guaranteed rates to calculate policy values. We reserve the right to change these 'current' monthly cost of insurance rates after your policy has been in force for one year. However, the new current monthly cost of insurance rates will never be more than the guaranteed maximum monthly cost of insurance rates.

**Interest Rate -** The guaranteed monthly interest rate used in calculating policy values is .36748%. Compounded monthly, this is the same as 4.5% per year.

We may use an interest rate greater than the guaranteed rate to calculate policy values. We determine this 'current' monthly interest rate from time to time. It will never be less than .36748%.

The guaranteed monthly interest rate will be applied to the portion of the policy value that equals any policy loans and loan interest.

**Expense Deductions -** The maximum monthly policy fee and maximum expense factor for specified amount increases are shown on page 4. We may use lower amounts to calculate policy values. We reserve the right to change these 'current' expense deductions after your policy has been in force for one year. However, the new current expense deductions will never be more than the maximum amounts shown on page 4.

**Redetermination of Current Assumptions -** Our current monthly cost of insurance rates, interest rate, and expense deductions are based on our current assumptions as to future mortality, persistency, interest, and expense experience.

Our current assumptions are determined and redetermined prospectively. We will not recover past losses by means of changes in the cost of insurance rates, interest rate, or expense deductions. Any changes will apply on a uniform basis for all insureds of the same issue age, sex, and rating class whose policies have been in force the same length of time. We will not change our current assumptions because of a change in the insured's health or occupation.

Any change in our current assumptions will be made in accordance with the procedures and standards of the insurance officials of the state where this contract was delivered.

**Paid-Up Insurance -** Amounts of paid-up insurance per $100 of cash value for the standard and special rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Smoker Mortality table and annual interest of 4.5%.

Amounts of paid-up insurance per $100 of cash value for the Non-Smoker and Healthy American standard and special rating classes are based on the curtate, age last birthday, sex-distinct 1980 Commissioners Standard Ordinary Non-Smoker Mortality Table and annual interest of 4.5%.

# Loans

**Loan Value -** You may have a policy loan if you assign this contract to us as sole security. The total amount of your policy loans and loan interest may not exceed the maximum loan value available.

The maximum loan value available is the amount which, together with interest at the loan interest rate, equals the projected cash value at the end of:

1. The policy year in which the loan is made; or
2. The third policy month after the loan is made, if the date you request the loan is less than 3 policy months before the end of the policy year.

We reserve the right to defer the payment of any cash loan for 6 months after you ask us.

**Loan Interest -** The loan interest rate is shown on page 5. Interest accrues daily and is due at the end of each policy year. Any interest not paid when due is added to the amount of the policy loan and bears interest at the same rate.

**Loan Repayment -** You may pay back your policy loan and loan interest at any time. If you do not, we will deduct all policy loans and loan interest from the amounts we pay.

**Loan Limit -** If your policy loans and loan interest exceed the cash value, this contract will stop except as provided in the Grace Period provision. We will send written notices to the most recent addresses we have for you and any assignees at least 31 days prior to the day coverage stops.

# Policy Changes

**Change of Death Benefit Option -** At any time after the first policy year, you may ask us to change the death benefit option by writing to us. If you ask to change from option 2 to option 1, the specified amount will be increased by the amount of the policy value. If you ask to change from option 1 to option 2, the specified amount will be decreased by the amount of the policy value.

The change will take effect on the monthly activity day on or following the date we receive the written request. This start date will be shown on an endorsement to page 3.

We reserve the right to limit the frequency of death benefit option changes under this contract.

**Change of Specified Amount -** At any time after the first policy year, you may:

1. Increase the specified amount. You must submit a new application for an increase in specified amount. You must also give us due proof that the insured is still insurable. An increase will start

on the start date shown on an endorsement to page 3. An expense deduction will be deducted from the policy value as provided in the Expense Deduction for Specified Amount Increase provision; or

2. Decrease the specified amount. A decrease will take effect on the monthly activity day on or following the date we receive the written request. This start date will be shown on an endorsement to page 3. A decrease in specified amount will first be applied against the most recent increase, if any, then successively to each prior increase and then to the initial specified amount. The specified amount in force after any decrease may not be less than the minimum we have established.

We reserve the right to limit the amount and frequency of any increases and decreases made under this contract.

You may request either of these changes by writing us.

# Settlement of Policy Proceeds

Unless you name a payee, you will be the payee for all amounts other than the death proceeds. When we pay the proceeds, we may ask that you give this contract back to us. If the insured has died, you must give us due proof of death.

We will give the payee a settlement contract which explains the options we allow. These include:

1. A one sum payment;
2. The types of single premium annuities we are then selling; and

0019999999

3.  A monthly income while the payee is alive with a guarantee that payments will be made for at least as long as the time chosen by the payee and allowed by us. The table at the end of this section shows monthly income amounts if the payee chooses to have payments guaranteed for 10 years. Monthly income amounts for other ages and guaranteed periods are determined in the same way. Write us if you want to know other amounts.

    The amounts shown below assume the first payment will be made on the date the proceeds are due. Before we make the first payment, we will require proof of the age and sex of the payee.

Before the proceeds are due, you may choose or change an option by writing to us. Once we accept the change, it takes effect as of the date you signed the request. This change is subject to any action we take before we accept it. After the proceeds are due, the payee may choose an option if:

1.  You have not made a prior choice which is still in effect; and

2.  The proceeds are due in one sum and have not been paid.

If the payee stops the settlement contract:

1.  In the first 60 days after the proceeds are due, we will pay the original proceeds less any payments we have already made; or

2.  After the first 60 days, we will pay the amount described in the settlement contract.

We reserve the right to:

1.  Stop any settlement contract with a payee which is not a human being; and

2.  Make less frequent payments or stop any settlement contract if each payment is less than $20.

### Monthly Income Per $1,000 of Proceeds

| Nearest Age of Payee | 10 Years Certain and Life | |
|---|---|---|
| | Males | Females |
| | $ | $ |
| 10 | 3.51 | 3.47 |
| 15 | 3.57 | 3.52 |
| 20 | 3.65 | 3.58 |
| 25 | 3.74 | 3.65 |
| 30 | 3.87 | 3.75 |
| 35 | 4.03 | 3.87 |
| 40 | 4.23 | 4.03 |
| 45 | 4.50 | 4.24 |
| 50 | 4.83 | 4.51 |
| 55 | 5.24 | 4.87 |
| 60 | 5.77 | 5.33 |
| 65 | 6.45 | 5.95 |
| 70 | 7.29 | 6.78 |
| 75 | 8.24 | 7.81 |
| 80 | 9.14 | 8.85 |

00000000074278BA400080041004130013139337_,_1_008004 10 10

**Flexible Premium Adjustable Life Insurance**

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured dies prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This policy does not pay dividends.



**Flexible Premium Adjustable Life Insurance**

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured dies prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This policy does not pay dividends.



**Flexible Premium Adjustable Life Insurance**

The policy provides that flexible premiums may be paid. The death benefit is adjustable and is payable if the insured dies prior to the maturity date. Otherwise, the maturity value is payable on the maturity date. The policy will expire prior to the maturity date if premiums paid and interest credited are not adequate to continue coverage to that date. This policy does not pay dividends.



Electronically FILED by Superior Court of California, County of Riverside on 08/29/2025 09:07 AM
Case Number CVRI2504826 0000140322583 · Jason B. Galkin, Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joshua H. Haffner, 188652; Trevor Weinberg, SBN 330778<br>Haffner Law PC, 15260 Ventura Blvd., Suite 1520, Sherman Oaks, CA 91403<br><br>TELEPHONE NO.: 213-514-5681       FAX NO.: 213-514-5682<br>EMAIL ADDRESS: jhh@haffnerlawyers.com;tw@haffnerlawyers.com<br>ATTORNEY FOR *(Name):* Plaintiffs | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:

CASE NAME:
Gloria E. Cardona v Everlake Life Insurance Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2504826<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [x] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):*
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 28, 2025
Trevor Weinberg
_____          ►          _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
        *relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 08/29/2025 09:07 AM
Case Number CVRI2504826 0000140322582 - Jason B. Galkin, Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ ~~**PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262~~ |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | FOR COURT USE ONLY |
|---|---|
| Joshua H. Haffner, SBN 188652; Trevor Weinberg, SBN 330778<br>Haffner Law PC<br>15260 Ventura Blvd., Suite 1520<br>Sherman Oaks, CA 91403<br><br>TELEPHONE NO: (213) 514-5681    FAX NO. *(Optional)* (213) 514-5682<br>E-MAIL ADDRESS *(Optional):* tw@haffnerlawyers.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Gloria E. Cardona | |
| DEFENDANT/RESPONDENT: Everlake Life Insurance Company, et al. | CASE NUMBER:<br>CVRI2504826 |

| **CERTIFICATE OF COUNSEL** |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92253 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  August 28, 2025 _____

| | |
|---|---|
| Trevor Weinberg _____<br><span style="font-size:smaller">(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)</span> | ► *Trevor Weinberg* _____<br><span style="font-size:smaller">(SIGNATURE)</span> |

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]
(Reformatted 07/08/24)
**CERTIFICATE OF COUNSEL**
Local Rule 3117
riverside.courts.ca.gov



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial.
The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them
evaluate the strengths and weaknesses of their case, and works with them to create a
settlement agreement that is acceptable to everyone.  If the parties do not wish to settle
the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**    Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's
decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request
a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is
non-binding.

---

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

<u>Arbitration may be appropriate when the parties:</u>
- ✎  want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- ✎  do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✎  do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## <u>RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS</u>

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### <u>General Policy</u>:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### **Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### **Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### **BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ✎ Your preferences for mediation or arbitration.
   - ✎ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### **RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ✎ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ✎ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **7CFCB5** í Ë¾ÙBÓ·^} æÄ ã æÆÙ{ ÈÓEFBÓ[¦[} aÆÖCÃÏ Ì G
- ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR00%**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | CASE NUMBER: <br><br> CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration        ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____ _____ _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)        (DATE)
☐ Plaintiff  ☐ Defendant

_____ _____ _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)        (DATE)
☐ Plaintiff  ☐ Defendant

_____ _____ _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)        (DATE)
☐ Plaintiff  ☐ Defendant

_____ _____ _____
(PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)        (DATE)
☐ Plaintiff  ☐ Defendant

Adopted for Mandatory Use <br>
Riverside Superior Court <br>
Form RI-ADR001 [Rev. 01/01/12] <br>
[Reformatted 06/01/16]

Statutory Authority <br>
riverside.courts.ca.gov/localfrms/localfrms.shtml

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2504826

**Case Name:**   CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

TREVOR WEINBERG
15260 VENTURA BLVD., SUITE 1520
Sherman Oaks, CA 91403

## NOTICE OF DOCUMENT QUALITY ASSURANCE

You have received this notice because the quality assurance staff discovered an issue in the document you presented for filing to the court.  Please note this is a courtesy notice to you and not a notice of legal sufficiency or insufficiency of the document.  In correcting and/or resubmitting the document to the court for filing, please be aware that you must comply with any and all applicable rules and laws pertaining to the filing of documents with the court.  Be further advised that, except as otherwise permitted by law, the receipt and/or filing of the document by the clerk is a ministerial act done for internal quality assurance purposes only and is not to be construed as having any impact on the legal rights of the parties in any way whatsoever.

Civil Case Cover sheet received on 08/29/25, section 4 is incomplete.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 09/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
A. Amezcua, Deputy Clerk

CW-NDQA
(Rev. 11/20/17)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2504826

**Case Name:**   CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

GLORIA E. CARDONA

## NOTICE OF DOCUMENT QUALITY ASSURANCE

You have received this notice because the quality assurance staff discovered an issue in the document you presented for filing to the court.  Please note this is a courtesy notice to you and not a notice of legal sufficiency or insufficiency of the document.  In correcting and/or resubmitting the document to the court for filing, please be aware that you must comply with any and all applicable rules and laws pertaining to the filing of documents with the court.  Be further advised that, except as otherwise permitted by law, the receipt and/or filing of the document by the clerk is a ministerial act done for internal quality assurance purposes only and is not to be construed as having any impact on the legal rights of the parties in any way whatsoever.

Civil Case Cover sheet received on 08/29/25, section 4 is incomplete.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 09/29/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
     A. Amezcua, Deputy Clerk

CW-NDQA
(Rev. 11/20/17)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2504826

**Case Name:**    CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

TREVOR WEINBERG
15260 VENTURA BLVD., SUITE 1520
Sherman Oaks, CA 91403

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/01/2025 | 8:30 AM | Department 1 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2504826

**Case Name:**    CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

GLORIA E. CARDONA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/01/2025 | 8:30 AM | Department 1 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2504826

**Case Name:**    CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

EVERLAKE LIFE INSURANCE COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/01/2025 | 8:30 AM | Department 1 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between at 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2504826

**Case Name:**    CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

ALLSTATE LIFE INSURANCE COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/01/2025 | 8:30 AM | Department 1 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-638-4172 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2504826


WEINBERG, TREVOR                           CARDONA, GLORIA E.
15260 VENTURA BLVD., SUITE 1520
Sherman Oaks, CA 91403
                                          ALLSTATE LIFE INSURANCE COMPANY


EVERLAKE LIFE INSURANCE COMPANY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2504826

**Case Name:**    CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 1  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 09/29/2025                                        JASON B. GALKIN,
                                                        Court Executive Officer/Clerk of the Court

                                                        by:  _A. Amezcua_  _Amezcua_
                                                        _____
                                                            A. Amezcua, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Alfredo Torrijos, SBN 222458
at@haffnerlawyers.com
Trevor Weinberg, SBN 330778
tw@haffnerlawyers.com
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Plaintiff,

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| GLORIA E. CARDONA, an individual; on behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>V.<br><br>EVERLAKE LIFE INSURANCE COMPANY; ALLSTATE LIFE INSURANCE COMPANY; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendant, | CASE NO.: CVRI2504826<br>Complaint filed: August 29, 2025<br>Assigned to Judge Harold W. Hopp<br>Dept. 1<br><br>**NOTICE OF POSTING JURY FEES**<br><br>**Trial Date: None** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

    **PLEASE TAKE NOTICE THAT** Plaintiff Gloria E. Cardona posted her jury fee deposit with the Court in the amount of $150.00 in the above-captioned matter.

DATED: September 29, 2025    **HAFFNER LAW PC**

              By:    *J. Haffner*
                      Joshua H. Haffner
                      Trevor Weinberg
                      Attorneys for Plaintiff

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Joshua H. Haffner, SBN 188652; Trevor Weinberg, SBN 330778 | | |

FIRM NAME: Haffner Law PC
STREET ADDRESS: 15260 Ventura Blvd., Suite 1520
CITY: Sherman Oaks     STATE: CA     ZIP CODE: 91403
TELEPHONE NO.: (213) 514-5681     FAX NO.: (213) 514-5682
E-MAIL ADDRESS: tw@haffnerlawyers.com
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME:

Plaintiff/Petitioner: Gloria E. Cardona
Defendant/Respondent: Everlake Life Insurance Company, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CVRI2504826 |
|---|---|

TO (insert name of party being served): Defendant Everlake Life Insurance Company

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: September 29, 2025

Trevor Weinberg
(TYPE OR PRINT NAME)

*Trevor Weinberg*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [ x ] A copy of the summons and of the complaint.
2. [  ] Other (specify):

(To be completed by recipient):

Date this form is signed: October 1, 2025

Laura Leigh Geist
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Attorney for Defendant
Everlake Life Insurance Company
f/k/a Allstate Life Insurance Company

*Laura Leigh Geist*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE: Cardona v. Everlake Life Insurance company et al | Department 1 | **F I L E D** SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE |
|---|---|---|
| CASE NO.:  CVRI2504826 | | **OCT 0 3 2025** |
| DATE:  October 3, 2025 | | L. Melendrez |

PROCEEDING:  Class Action Case Management Order #1

SG

OCT 1 4 2025

R

Unless otherwise ordered, this Case Management Order ("CMO") shall govern the management of this case.

A.   **IN GENERAL**

1.    The Court finds that this is a complex case. *Cal. Rules of Court*, rules 3.400(c)(6), 3.403(b).  The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.    This case has been assigned to Department 1, Judge Harold W. Hopp, for all purposes, including case management, law and motion, and trial.

3.    The plaintiff shall serve a copy of this CMO on any defendant who has not yet appeared, and shall file proof of service promptly thereafter.

B.   **CASE MANAGEMENT AND THE CASE PROGRESSION PLAN**

1.    The Court finds that this case involves exceptional circumstances that are likely to prevent this case from meeting the goals and deadlines set by *California Rules of Court*, rule 3.713(b). Accordingly, this case is exempt from those case disposition time goals. *Id.*, rule 3.714(c)(1).  With the input from the parties, the Court shall develop a case progression plan with the goal of disposing of the case within three years. *Id.*, rule 3.714(c)(2).

2.    Prior to the next Status Hearing or Case Management Conference, counsel for the parties shall meet and confer regarding the joint statement required by RSC Local Rule 3160.

3.    Not later than five court days in advance of the next Status Hearing or Case Management Conference, all parties that have appeared shall file the joint statement required by rule 3160 instead of Judicial Council form CM-110 [case management statement]. In addition to the items listed in Rule 3160, the statement shall:

   a.    Advise the Court whether any of the parties or their counsel are aware of any other class action, putative class action, or other type of representative or collective action in this or any other jurisdiction that asserts claims similar to those here on behalf of

Page 1 of 15

a class, putative class, or other group of individuals that in any way overlaps with the putative class alleged here.

b. Describe the parties' case progression plan, which shall include at least (i) a statement as to whether the parties agree to pursue mediation and (ii) a plan of the informal discovery and any formal discovery to be conducted in preparation for mediation, class certification, or both.

4. At least five court days before any subsequent Case Management Conference, Status Hearing, or Trial Setting Conference, the parties shall file a joint statement that:

a. Describes the status of the case, including (i) the results of any mediation or other settlement efforts, (ii) the degree to which the case progression plan has been implemented and (iii) any changes or additions to the case progression plan; and

b. Identifies any issues or concerns that either party wishes to discuss with the Court.

5. If mediation is unsuccessful, the case progression plan shall be expanded prior to the next status conference to include (a) a pre-certification discovery schedule, (b) a deadline for filing a motion for class certification, and a proposed briefing schedule for that motion.

6. The Court will rely on the parties' joint statements in conducting Case Management Conferences and Status Conferences and, where appropriate, will make orders without holding a formal hearing.

C. ALTERNATIVE DISPUTE RESOLUTION

The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained – preferably through informal means – sufficient information from the opposing party(s) to enable them to engage in meaningful mediation. If the parties believe that another form of alternative dispute resolution is appropriate for this action, they should explain this in their joint reports as soon as practicable.

D. DISCOVERY

1. Counsel are encouraged to engage in informal discovery rather than relying on formal discovery. The Court does not stay or otherwise limit informal discovery.

2. The discovery stay under RSC Local Rule 3160(B) is vacated as to interrogatories concerning the identity of and contact information for members of the putative class. Any such interrogatories propounded by the plaintiff to the defendant shall be accompanied by (a) a proposed *Belaire West* notice, (b) the name of a proposed third-party administrator, and (c) a proposal regarding the allocation of the cost of the notice.

3. All other formal discovery concerning class-certification issues is stayed pending further order of the court. Requests for leave to propound formal discovery concerning class-certification issues may be made either by submitting a declaration and proposed order or

by making an oral request at status conferences or at informal conferences with the Court in accordance with paragraph 5 below. The Court will grant such a request if the applicant demonstrates:

a.  That the parties have met and conferred to discuss both (i) the scope and sources of the information needed either to permit a meaningful mediation or to support or oppose a class-certification motion and (ii) whether the parties would agree to exchange that information informally;

b.  That the parties were unable to reach an agreement; and

c.  The discovery is reasonably necessary either (i) to permit a meaningful mediation or (ii) to make or oppose a certification motion.

4.  All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) is stayed until a motion regarding class certification has been granted.

5.  No discovery motions may be filed without leave of court. If a discovery dispute arises:

a.  The parties shall meet and confer either in person or by telephone in a good-faith effort to resolve the dispute. If, despite that effort, the parties are unable to resolve the dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion.

b.  The conference may be conducted by telephone or in person, as counsel prefer. Prior to the conference, the party seeking relief shall provide the clerk of this department with a brief (two-to-three sentence) description in writing of the reason for the conference. If the conference is to be by telephone, counsel shall also provide the clerk with the call-in telephone number and passcode.

c.  If the opposing side will not agree to participate in the informal conference, then the moving party shall bring an ex parte application for leave to file a discovery motion.


E.  <u>REQUESTS FOR DISMISSAL OF CLASS CLAIMS</u>

If the plaintiff seeks to dismiss or otherwise abandon either the entire action, any cause of action asserted on behalf of the putative class, or any defendant against whom any cause of action is asserted on behalf of the class, Court approval must be sought as follows:

1.  The plaintiff shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110. Instead, the request shall be made by the submission to the court of an Application for Dismissal that includes: (a) a declaration from plaintiff's counsel; (b) a declaration from each named plaintiff; and (c) a proposed order of dismissal.

2.     The declarations shall state whether the plaintiff has attempted to settle the plaintiff's individual claims, and if so, the status of those negotiations.

3.     The declarations must comply with *California Rules of Court*, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of that rule is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

4.     If the dismissal is in exchange for any consideration other than a waiver of costs, the declaration of plaintiff's counsel shall authenticate a fully executed copy of any settlement agreement. In addition, the declaration shall address each of the following:

    a.     What is the form and value of the consideration, how was it calculated, and to whom is it to be paid?

    b.     Is the plaintiff required to execute a release in addition to a dismissal? If so, what is the scope of that release?

    c.     How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class? In particular, if the plaintiff has negotiated a settlement of any individual claim against any defendant separate from the representative claims, and that settlement provides for the payment to any plaintiff of consideration other than a waiver of costs, the declaration shall as to each such individual claim:

        i.     Estimate both (A) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff would be awarded if the action were entirely successful at trial on that claim, and (B) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks;

        ii.     Briefly describe the basis for those estimates; and

        iii.     Describe the form and value of the consideration to be paid in satisfaction of that claim.

5.     The declarations by plaintiff and plaintiff's counsel shall state (a) whether the declarant has ever informed any of the putative class members – whether formally or informally, orally or in writing, individually or as a group – of the preparation, filing, or pendency of the action, and (b) if so, both (i) the nature and extent of that information and (ii) whether the declarant knows or has a means of discovering the name and mailing address of the putative class member or members to whom that information was communicated.

6.     If the dismissal is in exchange for no consideration other than a waiver of costs, the request shall explain the reason for the dismissal. If the reason is that the named plaintiff no longer wishes to prosecute the case on behalf of the putative class:

    a.    The plaintiff shall explain the reason for his or her change of heart. Simply stating that the plaintiff no longer wishes to represent the class is not sufficient.

    b.    The plaintiff's counsel shall explain why counsel wishes to abandon the class claims rather than locate a new class representative.

7.    Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

## F.    MOTIONS & APPLICATIONS GENERALLY

1.    A party making an ex parte application must, inter alia, "[a]ttempt to determine whether the opposing party will appear to oppose the application." *Cal. Rules of Court*, rule 3.1204(a)(2). That attempt shall be made by telephone. Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2.    A party desiring an order shortening time for notice of a motion shall not bring an ex parte application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion. The Court will not deem the ex parte application as constituting the motion to be heard.

## G.    MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled, a motion for preliminary approval of the settlement must be filed. All applications for such approval shall be made by noticed motion, and shall be supported by declaration. In order to aid the Court's review, all declarations filed in support of a motion for preliminary approval shall include appropriate headings that identify the specific paragraph of Section G which is being addressed. For example, counsel's estimate of the number of individuals in the class should be preceded by a heading that identifies G(3)(a)(1), and counsel's estimate of the recovery by the average class member if the settlement were approved should be preceded by heading that identifies G(3)(a)(iv).

1.    <u>Settlement Agreements in General</u>

    a.    The settlement agreement shall not provide that any order, notice, form, or judgment shall include any provision that this order prohibits from being included in such a document. (See §§ G.3 through G.9, *infra*.)

    b.    The settlement agreement shall be written, signed by all necessary parties, and filed, either in the form of a separate stipulation or as an authenticated attachment to a declaration of counsel.

2.    <u>Notices of Settlement</u>

Regardless of the terms of the proposed settlement, counsel shall not file a Notice of Settlement of Entire Case (Judicial Council form CM-200).

3. <u>The Motion in General</u>

a. The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

    i. Sets forth the attorney's estimate of the number of individuals in the class.

    ii. (A) Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded on each claim if that claim were entirely successful at trial; (B) explains how that estimate was calculated; and (C) states the collective total for all of the claims.

    iii. Sets forth: (A) the attorney's estimate as to each claim of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account difficulties of proof, the defendant's defenses, and other attendant risks; (B) the attorney's reasons for those estimates; (C) and the likely award at trial for all claims collectively.

    iv. Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved. If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

    v. Describes in detail the nature and extent of the formal and informal discovery exchanged and other factual investigation conducted to determine the size of the class and the strength of the class claims.

    vi. States (A) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals some or all of whom would also be members of the class defined in this action and (B) whether the attorney made reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions. If any such similar actions are known to exist, the declaration shall also state (C) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

b. The motion shall be supported by a declaration from the defendant's attorney that states (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals some or all of whom would also be members of the class defined in this

action and (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

c. The motion shall describe how the value of any uncashed checks, unpaid cash residue, or other unclaimed or abandoned funds will be distributed.

    i. The Court believes that redistribution of the value of uncashed settlement check to those class members who have cashed their checks will better serve the public interest and the interest of the class than distribution in the manner otherwise prescribed by *California Code of Civil Procedure* section 384(b). If one or more of the parties disagree, then the motion shall be supported by a declaration from a party or the party's counsel explaining the factual basis for the disagreement.

    ii. If the parties propose to pay any unclaimed funds to a charitable organization, the motion shall be supported by a declaration from a knowledgeable person from the proposed recipient. The declaration shall:

        A. Establish that the recipient is a nonprofit organization, foundation, or program of the type described in that subdivision.

        B. Describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

        C. Describe the geographic area in which the recipient operates in general, and the nature and extent of the services it provides in Riverside County in particular.

    iii. The declarations of the attorneys for the plaintiff and for the defendant shall describe both (A) any relationship between the proposed recipient and (1) any class representative or other party, (2) any officer, director, or manager of any party, or (3) any attorney or law firm for any party, and (B) the inquiries the attorney made to determine whether there is any such relationship.

d. If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by:

    i. A declaration from the plaintiff's attorney, stating whether bids were sought from multiple potential administrators and, if so, the results of that competitive bidding. If the parties did not select the lowest bidder, the declaration shall explain that decision.

    ii. A declaration from the administrator describing:

        A. The administrator's experience;

B.  The fee to be charged by the administrator to perform the services described in the settlement agreement and proposed order;

C.  Whether that fee is (1) fixed, (2) hourly, or (3) hourly with a cap; and

D.  How the fee was calculated.

e.  Any release to be given by the participating class members (other than the class representatives) shall be limited to:

    i.  The defendants named in the complaint, together with their officers, directors, employees and agents. If any other parties are sought to be released, the motion shall both (A) identify those other parties by name and (B) explain the facts that justify their inclusion.

    ii.  The claims stated in the complaint and those based solely upon the facts alleged in the complaint.

    iii.  Liability that arose during the class period as defined by the settlement agreement.

f.  If notice is not to be given by first class mail to addresses believed to be current, the motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members.

g.  If the settlement requires any of the class members to submit claims, the motion shall explain why a claim process is reasonably necessary. If the defendant knows (A) the identity of the class members, (B) their addresses or former addresses, and (C) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

h.  If the settlement provides that any portion of the consideration paid or deposited by the defendant may revert to the defendant, the motion shall explain (i) the circumstances under which that reversion would occur, (ii) the maximum amount of any reversion, and (iii) why that reversion is fair.

i.  The motion shall describe how individual settlement payments will be allocated for tax purposes.

k.  The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form, and any claim form – shall be drafted in a manner that is likely to be readily understood by the members of the class.

    i.  In particular, they shall not contain any Latin terms (such as et al. and et seq.), any legal terms of art, or any unfamiliar symbols or abbreviations (such as §, LLC, and IWO).

    ii.  To assist the Court in determining whether those documents comply with that directive, the motion shall be supported by a declaration of the defendant

on personal knowledge concerning the likely age, education, and experience of the class members, and of their ability to read and comprehend English.

4.    <u>The Proposed Order</u>

a.    The motion shall be accompanied by a separate proposed order which shall include, as attachments to the order, the proposed notice (*Cal. Rules of Court*, rule 3.769(e)), proposed exclusion form, proposed objection form, any proposed claim form, and any other form that is proposed to accompany the notice. The Court is likely to modify those proposed forms. Therefore, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement.

b.    The settlement agreement shall not be attached to the order.

c.    Counsel shall carefully review both the terms and the terminology of the order and accompanying forms (notice, objection form, exclusion form, and any claim form) to confirm that the various documents are internally consistent, consistent with each other, and consistent with the settlement agreement.

d.    The order shall state the name of any settlement administrator, and shall describe the nature of the services that the administrator will be required to perform, either directly or by reference to the settlement agreement.

e.    The order shall provide that the notice shall be accompanied by an exclusion form that the class members may use. The order shall provide that any exclusion form shall be submitted to the settlement administrator rather than filed with the court. The order shall not require the class member to send copies of the exclusion form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every exclusion form received by the administrator.

f.    The proposed order shall provide that the notice shall be accompanied by an objection form that the class members may use. The order shall provide that any objection shall be submitted to the settlement administrator rather than filed with the court. The order shall not require the class member to send copies of the objection form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every objection form received by the administrator.

g.    Neither the order, the notice, nor the objection form shall require an objecting party to do either of the following, either personally or through counsel:

    i.    To appear at the hearing on the motion for final approval for that party's objection to be considered.

    ii.    To file or serve, or to state in the objection, a notice of intention to appear at the hearing on the motion for final approval.

h.     The order shall provide a proposed date for the Final Approval Hearing. The order shall require that either counsel or the administrator must give notice to any objecting party of any continuance of the hearing of the motion for final approval.

i.     Neither the order nor the notice shall purport to enjoin the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period.

j.     If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

     i.     That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

     ii.     That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

5.     <u>The Proposed Notice</u>

a.     The notice shall include an estimate of the likely recovery by the individual class member to whom the notice is sent, if known. If it is not known, the notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

b.     To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice shall clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

c.     The notice shall advise the class members of where they can find the settlement agreement, by describing (i) the full title and filing date either of the settlement agreement or of the declaration or other document to which the agreement was attached when filed with the Court, (ii) the address of the courthouse to which the case is assigned, and (iii) the address of the court's website at which the case file can be viewed on-line.

d.     Neither the notice nor the documents enclosed with it shall describe any settlement administrator as the "claims administrator" unless the class members are required to submit claims.

e.     The notice shall include a description of any release being given by the class members.

6.     <u>The Proposed Claim Form</u>

The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to (a) identify the claimant, (b) process the claim, and (c) contact the claimant to clarify any uncertainties.

7.   The Proposed Objection Form

   a.   The objection form shall (i) instruct the objecting class member that the objection must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the objection must be mailed or otherwise delivered.

   b.   The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (i) identify the objector as a person entitled to object to the settlement, (ii) describe the nature of and basis for the objection, and (iii) contact the objector to clarify any uncertainties.

   c.   If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

8.   The Proposed Exclusion Form

   a.   The exclusion form shall (i) instruct the class member seeking exclusion that the exclusion form must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the exclusion form must be mailed or otherwise delivered.

   b.   The information required to be provided by a class member on the exclusion form shall not exceed the minimum information necessary to (i) identify the person as a class member and (ii) contact the person to clarify any uncertainties.

9.   Revised Documents

   If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended settlement agreement, order, notice or form in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

H.   MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT

If a motion for preliminary approval is granted, the plaintiff must thereafter move for final approval of the settlement.

1.   The order granting preliminary approval will set the date for the hearing on the plaintiff's motion for final approval.  Promptly after the entry of that order, the plaintiff shall reserve a law and motion hearing on the date set in the order.

2.  Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant:

   a.  Describes the services performed by the declarant to further the prosecution of the action;

   b.  Estimates the time incurred by the declarant in performing those services;

   c.  Describes any risks assumed or benefits received by the declarant in prosecuting the action;

   d.  Describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action; and

   e.  States the amount that the declarant expects to receive as a class member.

3.  Any request of attorney's fees shall be supported by a declaration of plaintiff's counsel that provides evidence of the total amount of time spent by counsel, a description of the work performed, the reasonableness of the fees charged and a detailed description of the costs actually incurred. Additionally, if relevant, the request for fees shall also advise the Court whether there is an agreement about how attorney fees will be paid, including fee splitting, and whether the client(s) has been given written notice.

4.  Any request for compensation for expenses incurred by the plaintiff's attorneys shall be supported by a detailed declaration or other evidence describing the date, nature, and amount of each expense incurred.

5.  The motion shall be accompanied by a declaration from the settlement administrator. That declaration shall:

   a.  Describe both (i) the administrator's distribution of the notice, objection form, exclusion form, and any claim form, and (ii) the results thereof. If claims are required, the declaration shall describe the number of claims received and the total value of the claims. The declaration shall clearly distinguish between valid forms and any forms that are untimely, incomplete, or otherwise invalid.

   b.  Attach and authenticate (i) a copy of the final version of the notice and of all forms enclosed with it, including the objection form, the exclusion form, and any claim form, (ii) a copy of every objection form received, and (iii) a copy of every exclusion form received. If the reasons stated on any objection form are in a language other than English, the administrator shall include a translation into English.

   c.  Describe (i) the services performed by the administrator to the date of the declaration, (ii) the time and expenses incurred to perform those services, and (iii) either the fee charged for those the services or the agreed-upon flat fee.

d. Describe (i) the services to be performed by the administrator after the date of the declaration, (ii) the estimated time and expenses needed to perform those services, and (iii) either the estimated fee for those the services or the agreed-upon flat fee.

6. The motion shall be accompanied by a proposed judgment or, if counsel prefer, a proposed combined order and judgment.

7. The judgment shall require that:

   a. Any envelope transmitting a settlement distribution to a class member shall bear the notation, "YOUR CLASS ACTION SETTLEMENT CHECK IS ENCLOSED."

   b. Any settlement distribution check shall be negotiable for at least 90 days but not more than 180 days from the date of mailing.

   c. The administrator shall mail a reminder postcard to any class member whose settlement distribution check has not been negotiated within 60 days after the date of mailing.

   d. If (i) any of the class members are current employees of the defendant, (ii) the distribution mailed to those employees is returned to the administrator as being undeliverable, and (iii) the administrator is unable to locate a valid mailing address, the administrator shall arrange with the defendant to have those distributions delivered to the employees at their place of employment.

8. The first reference in the judgment to the settlement agreement shall include a statement of (a) the title of the settlement agreement, (b) the date the agreement was filed, and (c) the name of the document to which the agreement was attached, if any.

9. The judgment shall state the names of any class members who excluded themselves from the settlement, if any.

10. If multiple law firms represent the plaintiff, the judgment shall separately state the fees and expenses to be paid to each firm.

11. If the settlement agreement provides for the distribution of any funds to a *cy pres* recipient, the judgment shall state the recipient's name and address, and shall describe the circumstances under which funds would be paid to that recipient.

12. The judgment shall not:

    a. Expose the class members to a potential contempt charge by barring or otherwise enjoining the class members from prosecuting the released claims.

    b. Include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

    c. Provide for the dismissal of the action. (Cal. Rules of Court, rule 3.769(h).)

13. The judgment may restrict the plaintiff and the defendant from offering the settlement agreement into evidence in actions between each other, but shall not purport to prevent

other parties from doing so or to otherwise predetermine its admissibility in litigation involving third parties.

14.    The judgment shall describe both the text of the notice of entry of judgment to be given to the class members *California Rules of Court*, rule 3.771(b), the party or person required to give that notice, and the manner in which that notice is to be given.

15.    If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

16.    The order granting the motion for final approval shall provide a date for the Final Report (Nonappearance) Hearing and a deadline for the filing of a report concerning the amount of money distributed.

I.    FINAL REPORT (NONAPPEARANCE) HEARING

Any report pursuant to *California Code of Civil Procedure* section 384(b), shall be filed within 5 court days of the nonappearance hearing and shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts, and, if there is unpaid residue to be distributed, shall be accompanied by a proposed amended judgment.  The report shall be in the form of a declaration from the settlement administrator or other declarant with personal knowledge of the facts, and to describe (i) the date the checks were mailed, (ii) the total number of checks mailed to class members, (iii) the average amount of those checks, (iv) the number of checks that remain uncashed, (v) the total value of those uncashed checks, (vi) the average amount of the uncashed checks, and (vii) the nature and date of the disposition of those unclaimed funds.

If applicable, the proposed amended judgment shall require counsel for Plaintiff to send a copy of any amended judgment which distributes funds to a cy pres recipient to the Judicial Council in compliance with *California Code of Civil Procedure* section 384.5. Further the correspondence by counsel shall include a cover letter providing the Judicial Council with the information required pursuant to *California Government Code* section 68520.  Proof of Service shall be filed with the court within 15 days of the filing of the judgment.

J.    MOTIONS REGARDING CLASS CERTIFICATION

1.    No motion for class certification or to deny class certification shall be filed without leave of court.  Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

2.     At the time that the Court grants leave of court to file either a motion for class certification or a motion denying class certification, the Court will also establish a briefing schedule and will set a status conference on a date after the reply brief is due. At the status conference, the Court will determine the date on which the motion will be heard. The hearing date may be far enough in the future to allow for further mediation.

3.     If multiple classes or subclasses are alleged, the motion shall address the issues of definition, ascertainability and numerosity separately as to each class or subclass.

4.     If multiple class representatives are proposed, the motion shall address the issues of typicality and adequacy of representation separately as to each representative.

5.     If multiple class claims are alleged, the motion shall address the issue of whether common questions of law and fact predominate separately as to each such claim.

6.     A motion for class certification shall include:

   a.     A trial plan that explains how the plaintiff will establish a prima facie case at trial. If the plaintiff intends to rely upon statistical evidence to prove any portion of any class claim, the plan shall describe that evidence and how it will be used to promote manageability. If the defendant has raised any affirmative defenses that rely upon individual evidence, the plan that explains how those defenses can be litigated.

   b.     A declaration of proposed class counsel, describing his or her experience in representing a class at trial.

Harold W. Hopp
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
Court Ruling re: Class Action Case Management Order #1

10/03/2025
8:30 AM
Department 1

**CVRI2504826**
**CARDONA vs EVERLAKE LIFE INSURANCE COMPANY**

Honorable Harold W. Hopp, Judge
L. Melendrez, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

No Appearances

Court deems case complex pursuant to Section CRC 3.400.
Minute entry completed.

Page 1 of 1 Pages

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2504826

**Case Name:**   CARDONA vs EVERLAKE LIFE INSURANCE COMPANY

To:   TREVOR WEINBERG: tw@haffnerlawyers.com

### CERTIFICATE OF ELECTRONIC SERVICE

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the electronic transmittal of documents.  I certify that I served electronically a copy of the following documents on this date to the party(ies) listed above to their email address of record.

Document(s) transmitted: Class Action Case Management Order #1 dated 10/03/2025; Minute Order: Court Ruling re: Class Action Case Management Order #1 dated 10/03/2025

Dated: 10/15/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of Court

by: _Loundes Melendrez_____
      L. Melendrez, Deputy Clerk

CI-CCES
(Rev. 07/07/25)